## J. Mortimer Smith v. Sidney Lawrence.

*Evidence of title to land.* — A deed of lands is no evidence of title in the grantor, where he is not otherwise connected with the title, or shown to have ever had possession.

*Evidence: plat book.* — A book of township plats, found in the office of the register of deeds, is not admissible in evidence, where there is no law requiring it to be kept, or declaring it to be evidence.

*Heard July 6th. Decided July 15th.*

Error to Ottawa Circuit.

The action was upon a promissory note given for standing timber bought by defendant of plaintiff. In defense it was claimed that plaintiff was not the owner of the land on which the timber stood; and to establish this, defendant offered in evidence a deed from Morris Ketcham to Horatio J. Lawrence, of the same lands. This was objected to by the plaintiff, but the Circuit Judge overruled the objection, upon the ground, that, at that stage of the trial and evidence, the Court would not direct the order of the evidence introduced by the defendant; and the deed might be a link in a chain of evidence to be introduced by defendant, controverting the plaintiff's right to the land, or title to convey the timber thereon; and, further, that, standing alone, it might tend to prove to the jury such a cloud upon the plaintiff's title as to call upon him to remove the same by rebutting testimony; that it was not for the Court to decide upon the weight of such evidence in either case.

The defendant then called the register of deeds, who produced a book of plats, purporting to be plats of the various townships of Ottawa county originally, upon which the subdivisions of sections and parts of sections are marked, and the name of the purchaser of each description is written thereon; and said witness testified that he found said book of plats in the office of the register of deeds

of said county, when he came into said office, and that the name of Morris Ketchum was written upon the descriptions of land contained in the deed, as the original purchaser of said descriptions. To the receiving and reading of said plat book the counsel for the plaintiff objected, for the reason that it was incompetent and did not tend to prove that said Morris Ketchum had any right or title to said land. But the Circuit Judge overruled said objection, and allowed said evidence to go to the jury, remarking, that it was their province to determine whether it should have any weight with them; it might tend, with other evidence, to shift the burden of proof to the plaintiff, to show an affirmative title by rebutting evidence.

The defendant then called one Fletcher, who testified, that in the year 1861 he saw Horatio J. Lawrence while here in Ottawa county, and said Lawrence requested witness to see if any person was cutting timber on the lands described in the deed, and, if so, to forbid them in his name, as his agent; and he also authorized witness to employ counsel, if necessary, and bring suits against persons cutting on said lands; and that he, witness, went to the defendant in this suit, and forbade him, in the name of said Horatio J. Lawrence, to cut any more timber upon said lands, and told him that if he did cut any more on it he should prosecute him in trespass for the same.

The Circuit Judge charged the jury, that "the evidence must be such as to raise a fair presumption against the validity of plaintiff's title, before the plaintiff can be compelled to show his title by rebutting proof. In order to raise such presumption, it is not absolutely necessary to give in evidence a connected chain of title from the Government to a third party, or, in this instance, to H. J. Lawrence, down to the date of the sale, but the evidence must be such as to raise such presumption fairly in the minds of all the jurors before they can require the plaintiff to rebut

the same. The deed, the record of which has been read to the Court and jury, may be the subject of deliberation by the jury; whether it shall have any weight as evidence, is for them to determine. The Court, in the same connection, has admitted in evidence, and now permits the jury to use the book of plats of original entries in the several townships of this county, and containing, amongst other names of original purchasers, that of Morris Ketchum upon each of the legal subdivisions of land described in said deed to H. J. Lawrence, and said bill of sale by plaintiff. It may tend to prove or disprove the presumption we are now considering. The jury are at liberty to use it for what they shall find it intrinsically worth."

The jury returned a verdict for the defendant.

*C. I. Walker*, for plaintiff in error.

*M. B. Hopkins* and *T. M. Cooley*, for defendant in error.

CAMPBELL J.:

Plaintiff sued defendant upon a note, the consideration for which arose out of a sale of standing timber. Defendant endeavored to show that the consideration had failed because plaintiff had no title to the land upon which it grew. He introduced for this purpose a deed from Morris Ketchum to one Horatio J. Lawrence, but there was no other evidence of title in either of them, except a volume found in the county register's office purporting to contain township plats, with names written upon the various government subdivisions. The name of Ketchum was upon the plat on the tract in question. The Court allowed this to go to the jury, and allowed them to infer title in Ketcham from it. This was erroneous. There is no law requiring such a book in the county registry, or declaring it to be evidence. Title can only be deduced from the United States by the methods pointed out by act of Con-

SMITH v. LAWRENCE.

gress; and in the absence of evidence of a regular documentary title, there should have been introduced at least presumptive evidence, by showing some possession, or other fact such as is allowed by the common law to make out a prima facie case of ownership. The giving of a deed is no evidence of title in the grantor.

The judgment below must be reversed, with costs, and a new trial granted.

The other Justices concurred.