# D. C. DAN HARTOG AND GEORGE BUNE, *Respondents, v.* ROSEWELL TIBBITTS AND ANTHONY GODBE, *Appellants.*

WHEN NOTES DUE UNDER THE TERMS OF A MORTGAGE.—A mortgage to secure the payment of several notes, contained, among other things the following clause; "but if default be made in the payment of said notes or any of them, when the same shall fall due, then, said parties of the first part shall have the power to enter a suit in equity for the foreclosure of the same," &c.; *held,* that such provision does not justify the construction that a failure to pay any of the antecedent notes at maturity, would authorize the mortgagee to declare the notes due, which by the terms thereof are then undue.

ALLEGATIONS AND EVIDENCE.—The evidence offered in a case must correspond with the allegations of the complaint, and in case of default the complainant is entitled to such a decree as the well pleaded allegations will justify.

PLEADING AND EVIDENCE.—A complaint to foreclose a mortgage, which is drawn upon the theory that the unpaid notes are due by the terms of the mortgage, will not support a judgment based upon the theory that the Court might order the whole of the property sold to pay the entire debt under Section 248 of the Practice Act.

APPEAL from the Third District Court.

The Defendants demurred to the complaint. Demurrer overruled, and Defendants failing to answer, the default and judgment was entered, whereby all the property was ordered sold, and all the notes ordered paid out of the proceeds of such sale.

*Marshal & Royle,* for Appellants.

*First.*—The Court erred in overruling the demurrer to the amended complaint.

Whatever may be the rule under a general demurrer, or under the first ground assigned in this demurrer, the demurrer was a special demurrer as to the other grounds assigned.

And whilst the first ground of demurrer in this case is insisted on, as sufficient, it is claimed by us, that as to the other grounds the Court should not have hesitated to sustain the demurrer. Utah Practice Act, Sec. 64; 41 Missouri Reports, 258 Peyton *v.* Rose; 47 Cal. 89, Cox *v.* Western Pacific Railroad Company.

For the sufficiency of the third ground of demurrer reference is made to the demurrer and complaint.

*Second*—The Court erred in giving the judgment and decree rendered in this action.

*First*—In holding and reciting that said Godbe was indebted thereon.

*Second*—In rendering judgment of foreclosure and for the payment of one of the notes named in the complaint, which was not due or payable when the suit was brought.

*Hoge & Jonnasson*, for Respondents.

*First*—As to the first ground of the demurrer it is not well taken.   Whiting *v.* Heslep, 4 Cal. 327 ; Young *v.* Pearson, Cal. 448 ; Weaver *v.* Conger, 10 Cal. 233 ; Stoddard *v.* Treadwell, 26 Cal. 294.

*Second*—The second ground of the demurrer is not well taken.   It is a well settled rule, that " when a Court of Chancery has gained jurisdiction of a case for one purpose, it may retain it generally for relief.   Story's Eq. Jur. Sec. 71 ; Armstrong & Barnwall *v.* Gilchrist, 2 Johns, cases 430-31.

So under the code, where the party is entitled to both legal and equitable relief, the whole matter may be litigated and finally settled in the same action.   Gray *v.* Dougherty, 25 Cal. 266.

SCHAEFFER, C. J., delivered the Opinion of the Court.

The other judges concurring.

This was a proceeding to foreclose a mortgage executed by the Defendant, Roswell Tibbitts, to the complainants to secure the payment of six several promissory notes, all the notes and mortgage bearing date February 2d, 1871.   The said notes were payable at different times, and all had been paid except the one for three hundred dollars, payable four years after date, and the one for three hundred dollars, payable five years after date, each with interest at the rate of 10 per cent. per annum from date until paid.   By the terms of this latter note it was not due until the 2d of February, A.D.

1876, almost a year after this suit was commenced in the Court below.

The complaint seems to be based upon the theory that by the terms of the condition of defeasance in the mortgage, the aggregate amounts of the unpaid notes became due upon the failure to pay, at maturity, any of the notes embraced in the mortgage. The condition in the mortgage referred to is as follows : " Now if the said party of the first part, shall well and truly pay, or cause to be paid, the said promissory notes hereinbefore mentioned, according to the true intent and meaning of the same, together with the interest thereon, then this obligation is to be void ; but if default hereof be made in the payment of the said notes, or any of them, when the same shall fall due, then, and in such event, the said parties of the first part, shall have the power to enter a suit in equity for the foreclosure of the same, and sell the property mortgaged, to satisfy the same."

It is very clear that this provision in the mortgage does not justify the construction that a failure to pay any of the antecedent notes at maturity, will be sufficient to authorize the mortgagee to declare the notes due, which by the terms thereof are then undue.

It is insisted, however, that by virtue of Sec. 248 of our civil Practice Act, the whole of the property mortgaged might be ordered to be sold, and the entire debt and costs ordered to be paid with a proper rebate of interest; but it must be observed that in the case at bar, the complaint does not base the rights of the Plaintiff upon the statute, nor does it contain the necessary averments to bring the case within the provisions of that section of the Practice Act.

There are two well established rules of evidence and practice, which should not, and dare not, in cases of this kind, be disregarded. First, the evidence offered must correspond with the allegations in the complaint; and secondly, in cases of default the complainant is entitled to such a decree, and such only, as the well pleaded alle-
s n the complaint will justify.

Applying these rules to the case now under consideration, it is clear that the complaint goes upon the theory that, by virtue of the mortgage, both the unpaid notes are due, whilst the evidence and the decree and judgment of the Court seem to be based upon the section of the Practice Act above referred to.    This we regard as a fatal variance, and that " the Court erred in giving the judgment and decree rendered in this case."

Without passing upon the other errors alleged to have been committed in this cause, the judgment and the decree herein must be reversed, and this cause remanded for further proccedings.

It is ordered that the judgment and decree in this cause be reversed, and that the cause be remanded for further proceedings, and that the Respondents have leave to amend their complaint, and pay the costs of this Court.