## WILLIAM D. NEWELL v. HUGH McLARNEY.

*Evidence— Unofficial entries in land-books— Credibility—Surprise—Ejectment.*

An unofficial book of entries kept in the office of a register of deeds and purporting to give descriptions of property, with the names of purchasers, date of sales and manner of payment, is not, of itself, or under any statute, evidence of land title from the United States government.

Plaintiff in ejectment stated that he should show title from the government and that his proofs would be mostly documentary. He introduced a record which was not proper evidence, and was received against objection, and on closing sought to show by the admissions of defendant that the latter claimed under a certain person who had been shown at the outset to be the grantee of the purchaser named in the record, and the grantor of the person under whom plaintiff claimed. The court directed a verdict for the plaintiff. *Held* that the credibility of the evidence of admissions was for the jury, and that the error in admitting the record therefore became material.

The practice of introducing evidence of one kind after stating that the party will rely upon a different class of evidence, is condemned as taking the opposite party by surprise.

Under Comp. L. § 6210, plaintiff in ejectment must aver possession as of a date later than that on which his title accrued. *Held* that there could be no recovery under a declaration averring possession September 11th, where the evidence showed that plaintiff's deed was dated the 13th. But such a defect can be amended by leave of the court.

Error to Chippewa. Submitted Oct. 6. Decided Oct. 11.

EJECTMENT. Defendant brings error. Reversed.

*Charles S. Cushman*, for appellant.

*A. & C. A. Blair*, for appellee.

CAMPBELL, J. Plaintiff brought ejectment against defendant to recover a parcel of land at Detour, on St. Marie's river, claimed by plaintiff to have been conveyed by Ebenezer Warner to Jane Cosley, in 1856, by a deed which described the property as being in lot 3 of section 35, in town

42 north, of range four east, when in fact it was in lot 4. Judgment was rendered for plaintiff.

On opening his case plaintiff's counsel said he proposed to deduce title from the United States by a series of conveyances which he described, and that his evidence would be mostly documentary, and that he claimed no other title. Under this opening he proceeded against objection to introduce deeds from William A. Pratt to Warner without showing title from the United States in Pratt, and was allowed to do so, the objection being to the order of proof. He then, in order to prove title in Pratt, offered and was allowed to introduce under objection a book kept in the office of the register of deeds, known as a book of entries, but having no written title certificate or other official or unofficial designation of its character, purport or authenticity. This book contained a series of columns with a brief note or description of land and its amount, name of purchaser, and date of purchase filled up respectively with " *Lot No. 4 in section* 35, *town.* 42 *N., range* 4 *E.,* 34 *acres* 60-100ths. *Name of purchaser, William A. Pratt ; date of sale, August* 26, 1856; *how paid for, cash.*" Two subsequent columns, headed " *To whom pat.*" and " *Date of pat.*" were not filled up.

This book was very probably designed to be a copy of some book of entries in the United States land-office. There is no law that would render this or the original evidence of land title as derived from the United States. This book, as it stands, and without further identification is absolutely without meaning, although we may perhaps guess at its purpose. It is—except in being less perfect—a book of the same kind as that held in *Smith v. Lawrence,* 12 Mich. 431, to be inadmissible to show a sale of land by the government. It should have been excluded.

It is insisted, however, that this error did no damage, because title was afterwards shown to have been derived by defendant from the same grantor, Warner, under whom plaintiff claims.

To this there are two obstacles. The evidence that he claimed from Warner and entered under that claim was in

the shape of testimony of defendant's admissions to that effect, put in at the close of the plaintiff's case, and objected to. After such a precise and positive statement on the plaintiff's opening that he should show no title except one derived from the United States, defendant could hardly be expected to be prepared to meet evidence suddenly sprung upon him of an entirely different character.

But beyond this, the credibility of this testimony was for the jury, who might or might not have placed such confidence in it as to base a verdict upon it. We forbear discussing its effect if believed, because the court took the case away from the jury, and assumed to decide that plaintiff's case was complete. This was beyond his province.

The error in admitting the book of entries was therefore material, and must lead to a reversal of the judgment.

We deem it proper to call attention to the declaration, under which, unless amended, there can be no recovery, if the printed dates are accurate. The statute requires the date of plaintiff's possession to be averred as of a time " after his title or right accrued." Comp. L. § 6210. The declaration states plaintiff to have been possessed on the 11th day of September, 1880, when his deed was dated on the 13th day of September, 1880, two days later.

Judgment must be reversed with costs and a new trial granted. Plaintiff to have leave to amend his declaration, if he shall be so advised. The record to be remanded.

The other Justices concurred.