SAMUEL E. VANCE, AND ANOTHER, RESPONDENTS, v. JOHN H. WHALON, APPELLANT.

EVIDENCE.—VARIANCE.—FAILURE OF PROOF.—Where a complaint alleged as a breach of a contract for the sale of real estate the fact that the defendant had put it out of his power to perform the contract, and the evidence showed that the defendant has repudiated and thrown up his contract and refused to perform it, *held* that there was such a failure of proof and such a variance as to justify a non-suit.

APPEAL from a judgment of the district court of the third district, and from an order refusing a new trial. The opinion states the facts, except that the evidence of repudiation of the contract went in without objection by the defendant. Defendant introduced no evidence.

*Mr. Orlando W. Powers,* for the appellant.

*Mr. James M. Bowman* and *Mr. John M. Zane,* for the respondents.

BLACKBURN, J.:

Plaintiffs sued defendant for breach of contract for sale of certain lots in Salt Lake City. The contract is set out in the complaint, and it is admitted that it has been complied with as far as it had matured, and plaintiffs allege willingness and readiness to perform fully on their part, and allege as breach of the contract that the defendant has put it out of his power to perform, and it entitles them to bring suit at once. Defendant denies these allegations specifically. The gist of the case as shown by the record will appear from the opening paragraph of respondents' brief as follows:

"This cause arose out of the following circumstances: The defendant, Whalon, had a contract with Mrs. Thomas W. Jennings for the purchase of certain lots in her city addition. Afterwards, December 29, 1888, the plaintiffs, Vance and Lynch, made a contract with Whalon for the purchase of 101 of these lots. Thirty of these lots were delivered to Vance and Lynch. After thirty of these lots were thus delivered, Whalon threw up his contract with Jennings, and definitely repudiated his contract with Vance and Lynch, and refused to perform."

This surrender of his contract with Jennings is the ground on which it is sought to charge Whalon. The complaint does not charge that Whalon repudiated his contract and refused to comply with its terms, but only put it out of his power to comply. Now was this breach proved? It is contended by respondents that by surrendering his contract with Jennings he put it out of his power to convey these lots to them. But there is no proof whatever that the lots in the contract of Whalon with Jennings were the same lots bargained by Whalon to the respondents. The only way to prove that would have been to introduce in evidence the contract with

Jennings. It was shown to be in court, and the plaintiffs refused to introduce it in. evidence. Nor was there parol evidence given to show the lots in these two contracts were the same. This utter failure of proof to make out their case by the respondents justified the appellant in moving the court for a non-suit, which he did, and the court overruled the motion. We think this was error. The other errors claimed by the appellant it is unnecessary to notice, as this is sufficient to reverse the case. A motion was also made for a new trial, which ought to have been granted. Judgment is reversed and remanded, and *venire de novo* awarded.

HENDERSON, J., concurred.

ZANE, C. J., did not sit in this case, having been of counsel.