GEORGE T. PEAY, RESPONDENT, *v.* SALT LAKE CITY AND OTHERS, APPELLANTS.

| 11 | 331 |
|----|-----|
| f 20 | 63 |
| f 20 | 128 |
| 11 | 331 |
| 24 | 240 |
| 11 | 331 |
| 25 | 298 |
| 11 | 331 |
| 28 | 79 |

1. PLEADING AND PROOF.—VARIANCE.—Plaintiff alleged in his complaint that defendants erected and maintained dams and obstructions across the outlet of a lake and thereby prevented the natural flow of the water from the lake and caused it to rise and damage his land. The proof showed that such dams and obstructions were erected under a license from plaintiff and others, permitting defendants to raise the waters of the lake by means of dams to a certain height, and that they were so erected and maintained as to raise the waters to a greater height, thus causing the overflow and damage alleged. *Held*, that there was a fatal variance between the proof and the pleading.

2. ID.—ID.—CHARGE TO JURY.—PLAINTIFF MUST RECOVER ON THEORY DECLARED ON.—Where the plaintiff in his complaint alleged that he was damaged by the tortious acts of the defendants in wrongfully erecting and maintaining dams and obstructions across the outlet of a lake causing the water to rise in the lake and damage his land, and the defendants in their answer alleged that they held a grant or license from plaintiff and others permitting them to erect dams and obstructions across the outlet of the lake, which allowed them to raise the water in the lake to a certain height, and denied that

they wrongfully erected and maintained the dams or obstructions, or that such dams or obstructions caused the water to rise to a greater height than that permitted by the grant. The court instructed the jury to find the issues for the plaintiff if they found that the dams were maintained at a greater elevation than that specified in the grant, to plaintiff's injury. *Held*, that the court erred in its charge in that it permitted a recovery upon the theory that the action was for a breach of the conditions of the grant, while the complaint showed that if plaintiff was entitled to recover at all it was on account of the tortious acts of the defendants in wrongfully erecting and maintaining the dams, and that plaintiff cannot declare on one theory and recover on another.

3. ID.—ID.—ID.—GENERAL JUDGMENT.—RES JUDICATA.—Where the defendants held a grant from plaintiff for the erection of certain dams or obstructions across the river, the outlet of a lake, a judgment against them for damages caused by improperly maintaining such dams rendered under a complaint charging them with " wrongfully erecting and maintaining " such dams, is erroneous, in that it violated the rights of the defendants under the grant; and such judgment cannot be permitted to stand, in that it would be an adjudication that the allegations of the complaint were true and those of the answer untrue, and would be a finding by the court and the jury in accordance with the theory of the complaint that the defendants had no right to erect dams in the river at all or to obstruct the natural flow of the water from the lake; that it would be *res judicata* between the parties concerning the subject matter in all future actions, and would be conclusive between the parties that the defendants had no right to erect any dam in the        river,        and that those already erected were there wrongfully.

4. LAKE COMMISSIONERS.—RECORD OF THEIR PROCEEDINGS.—PAROL EVIDENCE.—The fact that commissioners appointed by the parties to act as their agent relative to the construction of certain dams in a river, the outlet of a lake, had kept a record of their proceedings, which they were neither authorized nor required to keep, did not exclude parol evidence of such proceedings.

(No. 515.   Decided April 27, 1895.   40 P. R. 206.)

APPEAL from the District Court of the First Judicial District. Hon. H. W. Smith, *Judge.*

Action by George T. Peay against Salt Lake City, the Utah and Salt Lake Canal Company, the South Jordan Canal Company, the North Jordan Canal Company, and the Draper or East Jordan Canal Company for damages and for injunctive relief. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Messrs. Richards & Richards, Mr. E. D. Hoge, Mr. J. G. Sutherland* and *Mr. Andrew Howatt,* for appellants.

*Mr. M. M. Warner* and *Mr. Ira W. Kenward,* for respondents.

The rule is elementary that where an official board or commission authorize and direct the keeping of a record of its doings and of its proceedings, whether provided for in the instrument creating such board or not, the record so kept and adopted by them is the best evidence of the proceedings of such board or commissioners. 1 Wharton Ev. § 661; 2 Wharton Ev. § 1131; 1 Greenleaf Ev. § 116–125. Plaintiff did not show a documentary title to his land. The evidence showed that he was in possession, and plaintiff testified that he was owner of the land. Defendants objected to plaintiff proving any further source of title to the land in question on the ground that a *prima facie* title had been proven by plaintiff, and that the burden of proof was on defendants to show title by prescription, and upon such admission by counsel for defendants the court sustained defendants' objection and refused to allow plaintiff to prove any further source of title. *Elliott* v. *Kemp,* 7 M. & W. 312. Defendants offered no proof to deny or modify plaintiff's title, and under the admissions of the defendants' counsel, the court rightly instructed the jury

that plaintiff had proven title. One in possession of real estate is presumed to be the owner thereof. *Wintz* v. *Morrison,* 17 Tex. 372; *Thompson* v. *Bacharis,* 15 N. Y. 581; *Doty* v. *Bardisk,* 83 Ill. 473; *Sears* v. *Taylor,* 4 Cal. 38; *Keane* v. *Connover,* 21 Cal. 305; *Association* v. *Willard,* 48 Cal 617; 4 Cal. 70; 9 Cal. 1; *Bard* v. *Rollins,* 30 Cal. 408; 2 Wharton's Ev. § 1332; Stat. vol. 2 (1888), § 3133; *Elliott* v. *Kemp, supra.*

BARTCH, J.:

The plaintiff brought this action to recover $30,000 damages, which he claims he sustained by reason of the flooding of his land by the defendants. The jury returned a verdict in his favor, assessing damages at $8,750, and the court rendered judgment for that amount and for costs of suit. A motion for a new trial, regularly made and argued, was denied, and thereupon the defendants appealed to this court, both from the judgment and from the order denying the motion for a new trial, assigning many errors, only a few of which it will be necessary to consider. As shown by the record, it is alleged in the complaint, substantially, that at the time of the commission of the grievances complained of, and at the time of the bringing of this suit, the plaintiff was the owner and in the possession of 1,617.50 acres of land, situate in Utah county, in this territory, and bordering on the west, southwest, and south by the waters of Utah Lake; that he, with his family, lived on and occupied the land; that the Jordan river is the natural outlet of Utah Lake; that on the 15th day of April, 1891, against the rights of the plaintiff, the defendants wrongfully and jointly erected, and ever since have "jointly maintained numerous dams across the said Jordan river, near said lake, to a great height, and have thereby, during all of said time, caused the water in said lake to rise four feet and nine inches above its natural

level, and wrongfully obstructed and stopped the natural flow and drainage" of the water of said lake through said river, and have thereby caused the water in said lake "to back up on plaintiff's said land, and flood and overflow and stand on the same, whereby 1,324.44 acres of hay grass and pasturage growing thereon have been wholly destroyed, to the damage of the plaintiff in the sum of $13,240;" that all the land, "by reason thereof, has ever since been, and now is, wet, swampy, and covered with water, alkali, and other salty substances, and is thereby rendered useless and valueless, to the damage of the plaintiff in the sum of $13,240;" and that by reason of the premises aforesaid, the locality of said land has been made, and now is, dangerous to the health of himself and family, and their dwelling house during all of said time, rendered uncomfortable for habitation, to his damage in the sum of $3,520. It is also alleged that the defendants threaten and will continue to wrongfully maintain the dams across the river unless restrained. The prayer is for judgment against the defendants for the sum of $30,000, and for injunctive relief to forever prohibit them from so obstructing the natural drainage of the lake.

It will be noticed that the cause of action set out in the complaint is based on the tortious acts of the defendants. The plaintiff charges that they erected and maintained dams and obstructions across the outlet of the lake, and thereby prevented the natural flow of the water from the lake, and caused it to rise and damage his land. These acts of the defendants are characterized as wrongful and in violation of his rights. It must be conceded that this action is well founded, and if the defendants have wrongfully erected dams and obstructions in the river, as alleged in the complaint, and have thereby injured the plaintiff's land, there can be no question that they are liable to him in damages, for no person has a right to

obstruct the natural flow of a stream, so as to cause injury to another, against his will; and, where a person is charged with the commission of acts of this character, he must either deny the truth of the charge, or, if he admit its truth, show his authority for the doing of the acts, in order to avoid liability. The defendants in this case, in their answer, specifically deny the allegations of the complaint relating to the wrongful erection of dams and obstructions across the Jordan river, and to maintaining them there wrongfully, to the damage of the plaintiff. In further answer to the complaint, they specifically set out the construction of various canals by them, through which the water of the Jordan river was diverted for purposes of irrigation, and set up a right, for such purposes, to erect and maintain dams in the river, derived from the plaintiff and numerous other parties owning land bordering on the lake. This right or grant was obtained for a valid consideration, was reduced to writing, and executed by the parties. It was fully set up in the answer, and was not controverted by the plaintiff. Nor was its validity questioned at all during the course of the trial. Under this grant, as between the parties thereto, the defendants are entitled to perpetually maintain dams in the river, and to raise the water of the lake to a height not exceeding 3 feet and $3\frac{1}{2}$ inches above low-water mark. The defendants denied that they had maintained dams wrongfully, but admitted that they had maintained them in accordance with the grant, but not in excess of it. The grant was properly set out in the answer to negative the allegations in the complaint that the defendants had wrongfully erected and maintained dams in the river. The issue thus raised was whether the defendants had wrongfully erected and maintained dams and obstructions in the river, and thereby damaged the plaintiff.

The first question raised in the record is whether the

judgment in this case is in accordance with the issue raised in the pleadings. Counsel for the defendants insist that the plaintiff at the trial was permitted to recover by proving a case fundamentally different from that alleged in the complaint. The correctness of this position must be tested by reference to the proceedings on the trial. An examination of the record shows that the first evidence which the plaintiff introduced in support of the allegations of his complaint was the grant set out in the answer of the defendants, and that thereafter all his testimony was introduced for the apparent purpose of establishing the fact that the dams were maintained at a greater height than 3 feet and 3½ inches above low-water mark, and that the alleged damages proceeded from the fact that the dams were so maintained. It is manifest that the allegations of the complaint that the dams were wrongfully erected were abandoned, and yet it cannot be successfully contended that they were not material, for they constituted the foundation of the action. The cause of complaint was, not that the defendants had violated the conditions of the grant, or that they had raised the dams to a height exceeding 3 feet 3½ inches, and thereby injured the plaintiff by flooding his land, but that they had wrongfully erected and maintained them, and wrongfully obstructed the drainage of the lake. If these allegations were true, then the acts of the defendants were in violation of the rights of the plaintiff *ab initio*, and they were liable to him for all damages caused by the wrongful construction of the dams, and he would be entitled to have them removed, and to have the water flow in its ancient channel, unobstructed by artificial means. This would be a much more far-reaching result than, and an entirely different one from, that caused by maintaining the dams at a greater height than that provided for in the grant. It is evident

that at the trial the plaintiff proceeded on the theory that all that was necessary to entitle him to recover was to show that the defendants had committed a breach of the conditions of the grant, and the court, in effect, so charged the jury, for it appears that the jury were instructed to find the issues for the plaintiff if they found that the dams were maintained at a greater elevation than that specified in the grant, to the plaintiff's injury. The case was thus tried on the same theory as if it were an action for a breach of the conditions of the grant, while the complaint shows an entirely different cause of action. We think the law is well settled that a plaintiff cannot declare on one theory and recover on another. It is a well-established rule of evidence that the testimony offered must correspond with the allegations in the complaint, and not show an entirely different state of facts. *Degraw* v. *Elmore,* 50 N. Y. 1; *Hays* v. *Carr,* 83 Ind. 275; *Dan Hartog* v. *Tibbitts,* 1 Utah, 328; *Arnold* v. *Angell,* 62 N. Y. 508; *Dudley* v. *Scranton,* 57 N. Y. 424; *Neudecker* v. *Kohlberg,* 81 N. Y. 297; *McCord* v. *Scale,* 56 Cal. 262.

The judgment in this case cannot be affirmed, not only because the proof shows a different case than that set forth in the complaint, but because its affirmance would manifestly jeopardize the rights of the defendants, as between the parties, secured to them by the terms of the grant, which was set up in the answer, put in evidence by the plaintiff, and treated by all parties at the trial as valid. If it were permitted to stand, it would, in effect, declare that the allegations of the complaint were true, and that those contained in the answer were untrue. This would be a finding by the court and jury, in accordance with the theory of the complaint, that the defendants had no right to erect dams in the river at all, or to obstruct in any way the natural flow of the water from

the lake. It would be *res judicata,* not only that the defendants had no right to erect any dam in the Jordan river, but also that the construction of the dams already there was wrongful. This would be in direct conflict with the express terms of the grant, for therein the right to erect and maintain dams to a certain height, and to obstruct the natural flow of the water from the lake, is conferred; and it is also provided therein that such right shall be free from interference, and from liability for damages caused by flooding the land by means of dams and obstructions erected to the height of 3 feet and 3½ inches above low-water mark, but not exceeding such height. Notwithstanding such conflict, the judgment would be conclusive of the issues raised by the complaint, and the defendants would thereafter be estopped from setting up in any suit the fact that this case had been tried on a different theory from that declared in the complaint. Parol evidence cannot be admitted to contradict the record and show the judgment was rendered on different issues than those appearing from the pleadings, or to show that a different subject was litigated upon the trial. The defendant can only be called upon to answer the material allegations of the complaint, and upon such allegations the issue is formed, and, when judgment is rendered thereon by a court of exclusive jurisdiction, it is conclusive between the parties, upon the same matters, unless set aside by a court of last resort. And such a judgment is final, not only as to the matter actually determined, but also as to every other matter which might have been litigated by the parties, as part of the subject in controversy, but which was omitted from the case through negligence, or inadvertence, or even accident. In such case the plea of *res judicata* applies, and the record, which shows only the issue, the verdict and judgment on that issue, cannot be controverted by extraneous evidence. The defendant is

afterward estopped from alleging anything which contradicts the record, and such estoppel extends to every allegation contained in the complaint and denied in the answer. In the case at bar, the finding of the issues generally for the plaintiff negatives the answer, and, in the absence of a reversal of the judgment, settles the matter in controversy, set up as a cause of action, as to all future actions between the parties concerning the same matter. "It must be presumed from a general judgment that all the issues were decided in favor of the successful party." *Finch* v. *Hollinger*, 46 Iowa, 216. Whether this rule applies to the other parties to the grant, *quære.*

Herman, in his commentaries on the Law of Estoppel and Res Judicata, in volume 1, § 247, states the law relating to the estoppel of a judgment as follows: "The estoppel of a judgment extends beyond what appears on its face. It includes every allegation made by the plaintiff and denied by the defendant. It extends to every fact in issue between the parties that was adjudicated in the action; and, while it not only proves and establishes the case of the successful party, it denies and refutes that of the other." Black, in his treatise on the Law of Judgments, in volume 2, § 625, says: "Where the declaration in the first suit states a particular matter as the ground of action, and issue is taken thereon by the defendant, parol proof is not admissible to show that a different subject was litigated upon the trial." In *Outram* v. *Morewood,* 3 East, 346, where it was held that the defendants were estopped in an action of trespass for digging coal out of a mine, from alleging title to it, because, in a previous case of trespass they had set up the same title which was determined against them, Lord Ellenborough said: "It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery itself, in an action of trespass, is

only a bar to the future recovery of damages for the same injury, but the estoppel precludes parties and privies from contending to the contrary of that point, or matter of fact, which, having been once distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them." In *Smith* v. *Town of Ontario*, 4 Fed. 386, the court said: "Whatever is merely matter of evidence becomes of no importance after the determination of the matter in issue." In *King* v. *Chase*, 15 N. H. 9, "matter in issue" was defined as "that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings." In *Cromwell* v. *County of Sac*, 94 U. S. 351, Mr. Justice Field, commenting upon the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, said: "It is a finality as to the claim or demand in controversy, concluding parties, and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." 1 Greenl. Ev. § 528; Tayl. Ev. § 1513; 1 Whart. Ev. § 788; *Campbell* v. *Butts*, 3 N. Y. 173; *Shepardson* v. *Cary*, 29 Wis. 34; *Henderson* v. *Henderson*, 3 Hare, 100; *Plate* v. *Railroad Co.* 37 N. Y. 472; *Hawley* v. *Simons*, 102 Ill. 115; *Underwood* v. *French*, 6 Or. 67; *Chapman* v. *Smith*, 16 How. 130; 21 Am. & Eng. Enc. Law, 216. Applying the law, as declared by these authorities, to the case at bar, we conclude that the plaintiff was not entitled to recover, and that the judgment must be reversed—*First*, because, as disclosed by the record, the proof shows a different case from that declared in the complaint; and, *second*, because the judgment is in violation of the rights

of the defendants secured to them by the grant set out in the answer.

The conclusion reached disposes of the case, but, as another trial may be had upon amended pleadings, if the parties should wish to amend, we think it important to pass on several other points raised in the briefs of counsel, as the same questions may again come up in case of a retrial.

The first of these is whether the court erred in excluding the testimony of several of the defendants' witnesses as to the action of certain commissioners appointed by the parties, under the terms of the grant, to carry into effect the provisions thereof. It appears that the evidence in question related to the practice of the commissioners in regard to permitting obstructions to be placed in the dams, without an express order from them, to raise the water in the lake. This was excluded on the ground that they had kept a record of their proceedings, and that such record was the best evidence. Under the terms of the contract, the commissioners were the agents of all parties to the grant, and under its terms they were neither required nor authorized to keep a record of their proceedings. They were simply required to carry the provisions thereof *into* effect. If, then, without requirement or authority, they kept a record, such record had simply the quality and effect of a memorandum, and while, under some circumstances, it might be admissible in evidence, its quality as evidence would not be such as to exclude parol testimony concerning the same matters. The mere fact that such a board keeps minutes, which may be evidence, does not exclude parol proof of what was done, when its object is to ascertain the practical construction which the parties to an instrument have given to such instrument. The construction which parties to a contract have them-

selves placed upon its terms by their conduct and actions, before any controversy arose, should be adopted by the court, if there is any ambiguity.   1 Whart. Ev. §§ 77, 238, 516; *Smith* v. *Lawrence,* 12 Mich. 431; *Newell* v. *McLarney,* 49 Mich. 232, 13 N. W. 529; *Miles* v. *Bough,* 3 Q. B. 845; *Lathrop* v. *Bramhall,* 64 N. Y. 365; *District of Columbia* v. *Gallaher,* 124 U. S. 505, 8 Sup. Ct. 585. The evidence in question was manifestly offered for the purpose of showing the practical construction the parties to the grant or contract put upon the terms thereof; and for that purpose we think it was admissible, regardless of whether or not the commissioners kept minutes of their proceedings.

We are also of the opinion, upon examination of the evidence as it appears in the record, that the court erred in charging the jury, as matter of law, that the plaintiff had shown title to all the land described in his complaint, except ten acres.   This question ought to have been submitted to the jury.

We do not deem it necessary to discuss the other question raised in the record, in view of the disposition made of those already considered.   The judgment is reversed, and the cause remanded, with directions to the court below to grant a new trial, and permit the parties to amend their pleadings, should they desire to do so, and on such terms as may be just.

MERRITT, C. J., concurs.