Sowles v. Clawson.

McCARTY, J., concurs. BARTCH, J., concurs in the judgment.

---

M. B. SOWLES and D. C. ROBERTS, Surviving Executors of the Estate of BOLIVAR ROBERTS, Deceased, Respondents, v. SPENCER CLAWSON, Appellant.

### No. 1554.    (76 Pac. 1067.)

**Highways: Injunction: Pleadings: Decree: Variance.**
Where the complaint in a suit to restrain defendant from using a certain roadway admitted that defendant acquired rights in the roadway by agreement, but alleged that those rights were limited to the property situate on the east side thereof, and defendant filed a counterclaim asserting a right by prescription acquired anterior to the making of the agreement alleged in the complaint, to which plaintiff answered simply denying the prescriptive right, a decree to the effect that defendant's rights in the roadway had been extinguished by abandonment is a fatal variance from the pleadings.[1]

### (Decided May 28, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. Wm. C. Hall,* Judge.

Action in equity to restrain the defendant from using a certain roadway in Salt Lake City. From a judgment in favor of the plaintiffs, the defendant appealed.

REVERSED.

---

[1] Vance v. Whalon, 7 Utah 44, 24 Pac. 672; Idaho Co. v. Insurance Co., 8 Utah 41, 29 Pac. 826, 17 L. R. A. 586; Turner v. Insurance & Trust Co., 10 Utah 61, 37 Pac. 91; Peay v. Salt Lake City, 11 Utah 331, 40 Pac. 206.

*Messrs. Young & Moyle* for appellant.

*Messrs. Sutherland, Van Cott & Allison* for respondents.

BARTCH, J.—This a suit in equity to restrain the defendant from using a certain roadway in Salt Lake City as a means of ingress and egress to and from a certain building and premises. It is alleged, substantially, in the complaint that the plaintiffs are the executors of the estate of Bolivar Roberts, deceased; that the deceased, during his lifetime, was the owner of an undivided half interest in a strip of land off from the west end of lot 1, block 75, plat A, Salt Lake City survey, 25 feet in width, and extending from First South street north the distance of 165 feet; that the "defendant is the owner of the remaining undivided one-half interest in the said property;" that "the said property is used and for more than thirteen years last past has been continuously used, by the said Bolivar Roberts and by the parties hereto as a private and exclusive right-of-way and roadway to and from their premises situate east of and adjoining the same, including the use thereof for carriages and vehicles;" that said Roberts and the defendant "became the owners of the undivided interests in the property jointly;" that they and the plaintiffs ever since used the same exclusively, for the purposes aforesaid, under a written agreement made between Roberts and the defendant about June 22, 1888, by the terms of which the roadway was to be open the full width and length perpetually, for the exclusive benefit of the lands of said Roberts and the defendant lying east of the roadway, and it was agreed that the right-of-way should be appurtenant to and run with such lands; and that the roadway has been kept open full width ever since that date, except that, by the mutual consent of both parties, a sidewalk was constructed and is now maintained upon the east side thereof.

It is alleged that defendant has recently erected up-
on certain lands lying west of the right-of-way, and ad-
joining the same, a large brick and stone building, de-
signed to be leased to and occupied by numerous per-
sons; that, in violation of the rights of plaintiffs to have
the roadway kept open and clear the full width thereof
for the benefit of the lands on the east side of the right-
of-way, the defendant is constructing a stone and ce-
ment sidwalk, elevated above the level of the roadway,
which will materially interfere with and obstruct the use
of the same; that defendant threatens to use the road-
way as a means of ingress and egress to and from said
building and premises upon the west side, and to permit
a great number of persons to occupy said building as
tenants to do the same; and that about eight inches of
the building extends into and obstructs the west side
of the right-of-way to that extent. It is further alleged
that on November 18, 1897, defendant conveyed his in-
terest in the property and rights described and men-
tioned in the written agreement between the defendant
and Roberts. The defendant in his answer admits the
formal allegations of the complaint; admits his owner-
ship of an undivided one-half interest in the roadway,
and that the roadway was kept open since June 22,
1888, and alleges that it was kept open for many years
prior thereto; admits the construction of the sidewalk
and building on the west side of the roadway, and that
he and his tenants will use the roadway as a means of
ingress and egress to and from the building, and alleges
that he has a right to do so. He denies generally the
other material allegations of the complaint, and sets up,
by way of counterclaim, his and his predecessors' ad-
verse use of the roadway for more than thirty years be-
fore the bringing of this suit. The plaintiffs' reply to
the counterclaim sets up no affirmative defense.

It will thus be seen from these pleadings that the
plaintiffs claim that they and the defendant acquired
their right to the use of the roadway by virtue of the
agreement of June 22, 1888; that the defendant con-

veyed his interest in the property described in that agreement; and that the roadway was opened only for the benefit of property situate on the east side of the right-of-way and not for the benefit of property situate on the west side. It will also be seen that the limited use of the roadway is denied by the defendant, and that he claims the right by prescription to use the roadway in connection with his building on the west side thereof. The material issues thus arose from a claim of rights limited by an agreement, and a denial of the limitation; a claim that the property mentioned in the agreement was conveyed and a denial of any conveyance interfering with defendant's right to the roadway; and a claim of right by prescription, and a denial that rights were so acquired. Such were the issues under the pleadings. At the trial, the plaintiff introduced some evidence tending to show an abandonment of a portion of the right-of-way by the defendant. To this the latter objected, and thereupon counsel for the plaintiffs claimed the right to introduce evidence of certain acts whereby the defendant had "abandoned any right which he might otherwise have had in the property in Broadway," the road in question. Counsel for the defendant then objected to the introduction of any such evidence, upon the ground that it would constitute a variance between the proof and the pleadings; stating further, that the defendant was not prepared to meet the issue suggested by counsel for the plaintiffs, and that they had not looked up the law with reference to that kind of a case. The court then struck out all the evidence, tending to show an abandonment, which had been admitted. Thereafter, during the course of the trial, there was evidence admitted showing that originally, and prior to the agreement of 1888, there was an alleyway ten feet wide, which included five feet in width off from the west end of lot 1, and five feet off from the east end of lot 2, same block, and that the five feet off from the west end of lot 1 was a part of the twenty-five foot roadway in question. There was also evidence introduced to show

the use made of the ten-foot alleyway for more than thirty years, and, further, to show the use made of the entire roadway. It was likewise shown that the defendant, before this suit was commenced, erected a building on the west side of the roadway, which covered the five feet off from the east end of lot 2 the entire length of the building.

After the testimony was all admitted, and notwithstanding the objection to the introduction of evidence, for the purpose of showing an abandonment, was sustained upon the ground that no abandonment had been pleaded and was not in issue, the findings of fact and conclusions of law were so framed as to show an abandonment or extinguishment of the defendant's right to use the roadway, and the court, among other things, decreed that "any right-of-way heretofore enjoyed or used over any portion of the said roadway, and particularly that certain ten-foot roadway, being five feet off the east side of lot 2, and five feet off the west side of lot 1, has been extinguished by the acts of the said defendant in taking exclusive possession of and erecting permanent structures upon the portion thereof originally contributed by the predecessor in title of the said defendant, John R. Clawson, from the said lot 2." The appellant insists that this decree is not supported by the pleadings, and that he was neither called upon nor prepared to meet such an issue.

We are of the opinion that this contention is well founded. The findings and decree show an abandonment by the defendant of all his rights in the right-of-way, and yet no abandonment or extinguishment was pleaded. Clearly, there is a material and fatal variance between the pleadings and the findings and decree. This part of the decree goes beyond the pleadings. It virtually declares that, because of certain acts committed by the defendant, he has no right in that street at all, while the complaint admits that he acquired rights therein by agreement but alleges that those rights were limited to property situate on the east side of the street, and

the answer to the counterclaim, as to his point, simply denies that he had any right, either by adverse possession or otherwise, to use the street as an appurtenance to property situate upon the west side thereof. The defendant in an action can only be called upon to answer the material allegations of the complaint, and upon such allegations the issues are formed, and in the absence of any amendment to the pleadings, as in this case, judgment must be rendered upon such issues only. A party cannot declare on one thing and recover on another. Peay v. Salt Lake City, 11 Utah 331, 40 Pac. 206. That in every action the plaintiff must, in his complaint, give the defendant fair notice of what he claims, is an elementary rule of pleading; and if, at the trial, he finds a deviation in his evidence from his allegations in the complain, he should amend, if the variance is not such as to preclude an amendment, so that when the judgment is announced it will be *secundum allegata et probata*. Among the reasons for this certainty of pleading is, so that the judgment when rendered, will be a bar to any subsequent suit for the same claim. 11 Ency. Pl. and Pr., 872, 878, 879; 22 Ency. Pl. and Pr., 602, 603; 1 Chitty, Pl., 255; Peay v. Salt Lake City, 11 Utah 331; 40 Pac. 206; Vance v. Whalon, 7 Utah 44, 24 Pac. 672; Idaho Co. v. Insurance Co., 8 Utah 41, 29 Pac. 826, 17 L. R. A. 586; Turner v. Insurance & Trust Co., 10 Utah 61, 37 Pac. 91; Taylor v. Keeler, 50 Conn. 346; Brayton v. Jones, 5 Wis. 117; Eib v. Martin, 5 Leigh 132. Having concluded that there is a fatal variance in the case, we refrain from deciding any other question presented upon this appeal.

The judgment must be reversed, with costs, and the cause remanded, with directions to the court below to grant a new trial, and permit the parties to amend their pleadings if they so desire. It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.