CHIBE JUSTICE EOBEETSON
delivered the opinion op the court.
Richard H. Ferguson, who was indebted as guardian to his ward, Joseph C. Lewis, nearly fifteen, hundred dollars, in 1858, made an assignment of his whole estate in trust to pay all his debts without discrimination as to character.
At the instance of James H. Lowry, his substituted surety, Ferguson was removed as guardian, and Andrew Hemphill was chosen by the ward as his guardian. Hemphill lost no time in initiating proceedings for the collection of his ward’s claim out of the trust estate. But, relying with apparent confidence on his ability thus to make the debt out of the principal debtor, he did not then sue Lowry as his surety, but made himself a party to a suit then pending for selling the trust property, and sought payment out of the proceeds, considering his ward’s claim a preferred debt, which on that hypothesis was perfectly secure. The circuit court lulled him in this delusion by requiring the master to report preferred debts; and by the report of this as such debt, and that the proceeds of sale greatly exceeded the amount of it. But as it was not a demand against a dead man, and moreover as the claim was asserted in the suit for distributing Ferguson’s estate according to the trust among all the creditors pro rata, the court, in afterward decreeing distribution, adjudged rightly that Hemphill’s ward was entitled to no preference; and the fund being insufficient to pay all Ferguson’s creditors, his distributive share, as allotted and paid, left a large balance unpaid. When this was ascertained, in 1860-’61, the balance •could have been undoubtedly made out of Lowry, who owned a very large éstate; but judgment obtained against him before the March term, 1862, unexpectedly exhausted it, so as to leave no property to levy on under a judgment obtained against him by the ward in an action brought to the March term, 1862.
Hemphill having died, this suit was brought by the appel *216 lant to recover from his executor and heirs the unsatisfied balance; and on the pleadings and proofs the circuit court rendered a personal judgment against the defendants, including the husbands of two of the female heirs. That is the judgment we are now to revise.
We are not allowed to doubt that Hemphill acted throughout in good faith as a fiduciary. We have reason to believe that, in pursuing the course he did, he followed the erroneous counsel of his professional adviser; and that, confiding in that advice, and feeling sure that in that way he would certainly make the debt without troubling the surety, he did what he considered best for all parties. We are also satisfied that had he sued the surety at or before the fall term, 1861, he would have made the debt; and we will not doubt that he would have done this had he been sooner undeceived as to the fatal assurance of full success in the chancery suit; for although early in 1861, while he and other vigilant creditors had confidence in Lowry’s ability to pay all his debts, yet he was known to be deeply involved, and his ultimate solvency was gravely questioned by many persons, as the multitude of suits against him and other facts prove.
Now, harsh as such a decision might seem to be against an honest and careful fiduciary, we are compelled to decide that beneficiaries, especially infants, should not suffer by the mistakes of their curators in law or in fact.
The judgment as to amount is therefore sustained by policy and inexorable justice.
In such a case the law, when it intrusts the estate of an incompetent infant to the care and protection of a guardian, the fiduciary undertakes to be vigilant, faithful, and competent; and these elements of qualification imply as much knowledge of law as may be necessary for safety. This, however procured, he assumes to possess and properly exercise. And in this case therefore it is more reasonable and just that *217 the guardian, who was deceived as to the best remedy, should lose what a correct knowledge of the only apt procedure might have saved than the passive and confiding infant should sufPer.
But the judgment is wrong in form. The record does not show why the husbands should be held responsible And as to the heirs, some amendment or further proceeding is necessary to sustain a personal judgment against them.
Wherefore the judgment, though right in principle, is nevertheless erroneous in detail, and is therefore reversed, and the cause remanded for further proceedings.