R. A. SPAULDING, ETC., *v.* BEN P. CISSELL.

**Guardian and Ward—Negligence of Guardian.**

Where a guardian loaned money in April 1859 on a note due the following December, but suit on the note was not instituted until March, 1864, and then against the sureties only, the principal having become insolvent in 1862, and a return of no property found was made as to the surety, and all the parties lived in the same town, and all the facts were known to the guardian, he was held negligent in failing to institute proceedings for collection of the ward's money, and was liable for its loss.

APPEAL FROM UNION CIRCUIT COURT.

April 5, 1873.

OPINION BY JUDGE PRYOR:

If a balance of either interest or principal is owing by the guardian at the end of any year from the time of his appointment, which ought to have been loaned out for the benefit of the ward in a reasonable time, but which remained in the hands of the guardian, he shall be charged with interest from the end of the year in which such balance arose and thereafter he shall be charged with interest upon interest in biennial amounts. 1 Revised Statutes 578.

It is made the duty of the guardian to loan out the ward's money, and in effect to renew the paper once in two years. When the money is loaned out and good security taken the guardian has done all that should be required of him, unless after the loan is made by the want of diligence on his part the money is lost by reason of his failure to sue or collect it. He is not only required to loan the money to solvent men, but he must look after it, to see that they remain solvent, and if his debtors fail and the guardian by the exercise of ordinary diligence could or ought to have known they were in failing condition, it was his duty to have the debt secured.

The money was loaned in this case on the 13th of April, 1859, and due on the 25th of December of the same year. No suit was instituted on this note until the 12th of March, 1864, and then the surety only was sued and a return of no property found was made as to him. Wheeler, the principal on the note, was involved prior to the loan of this money, and failed in 1862. The surety Waggoner executed a mortgage on his property in 1861. The parties all lived

in the same town or county with the appellee. In 1860 the appellee and his partner instituted suit against the surety Waggoner for a Louisville firm and collected $800. Witnesses say that the surety began to indicate his pecuniary embarrassment as early as 1861 or 1862. All these facts should have been known to the appellee. He in fact was himself instituting a suit against the surety for a considerable sum of money. A mortgage was shortly after recorded on this surety's property in the clerk's office of the county where appellee lived and no effort whatever made to collect this money.

A guardian must be vigilant in protecting the interest of his ward, and although the appellee may have permitted his own claims to have remained uncollected, still we are satisfied from all the circumstances in this case that the loss sustained by the appellant originates from the neglect of the appellee in failing to institute proceedings against the parties to collect the note. The commissioner's report should not have been disturbed. The judgment of the court below is reversed and the cause remanded with directions to confirm the commissioner's report and overrule the exceptions of the appellee thereto and for further proceedings consistent with this opinion. *Hemphill v. Lewis,* 7 Bush 214.

*Bush, for appellant.*

*James, for appellee.*