(22 App. Div. 579.)

### GARDINER v. VAN ALSTYNE et al.

(Supreme Court, Appellate Division, Third Department.   December 7, 1897.)

1. JUDGMENTS—FRAUD—WHEN A DEFENSE.
   Fraud and imposition which invalidate a judgment may be alleged as a defense to an action on the judgment.

2. SAME—EQUITABLE RELIEF.
   Equity will not interfere to set aside a judgment in an action in another court on charges of fraud which could have been tried and decided in that action, whether or not the pleadings would have permitted it.

3. SAME—NATURE OF FRAUD—NOTICE.
   In order to set a judgment aside for fraud, the judgment debtor must show fraud in the concoction of the judgment, and that, at the time judgment was rendered, he did not know the facts constituting the fraud, and could not have acquired knowledge thereof by diligent and careful inquiry.

4. SAME—SUFFICIENCY OF EVIDENCE.
   Where one seeks to set a judgment aside for fraud, on the ground that the note sued on had been paid without his knowledge, and, by his sworn answer filed in the action in which judgment was rendered, it is alleged on information and belief that the party who sued on the note was not the real owner, but that it was really owned by another, as would have been the case had the note been paid, and it further appeared that no appearance or defense was made at the trial, there was sufficient information shown to have put the party seeking relief on inquiry; and there was failure to show that, by diligence, the fraud set up as a defense to the action to enforce the judgment could not have been discovered and set up at the time the alleged void judgment was rendered.

Appeal from trial term.

Action by Marcus Gardiner against Richard H. Van Alstyne and Lester Van Alstyne and others.   From a judgment in favor of plaintiff, and an order denying motion for a new trial, defendants Van Alstyne appeal.   Affirmed.

This action is brought to recover upon a judgment obtained by the Farmers' National Bank of Amsterdam against the appellants, Richard H. Van Alstyne and Lester Van Alstyne, together with Leonard Y. Gardiner, Zebulon Phillips, and Harmon Wendell, in March, 1878, and by the bank subsequently assigned to this plaintiff.   The defendants and appellants, the Van Alstynes, in answer

to the plaintiff's complaint upon said judgment, allege that the cause of action and claim upon which such judgment was founded and obtained was fully paid, satisfied, and discharged on or about July 26, 1877, and before the service upon them of the summons issued in the action in which said judgment was obtained, but that the fact of such payment and discharge was not known to them or either of them until on or about September, 1878. They allege that the judgment was founded upon a note for $600, dated December 6, 1876, payable four months after date, to the order of Zebulon Phillips, and signed by them as co-partners in the business, and that such note was made without any consideration, and at the request and for the accommodation of Zebulon Phillips, the payee named therein, and the same was delivered to said Zebulon Phillips with the understanding that it should not be used or negotiated; that thereafter the note was transferred to the firm of Phillips, Gardiner & Co., of which firm said Zebulon Phillips was a member, without consideration, and that such firm received and accepted the note with the knowledge that the same had been executed and delivered to Phillips for his accommodation, and without consideration; that thereafter the note was discounted for the benefit of said firm of Phillips, Gardiner & Co., by the Farmers' National Bank of Amsterdam, the plaintiff in said judgment; that on or about the 26th of July, 1877, the firm of Phillips, Gardiner & Co. paid the full amount of such note, together with the interest and expenses incurred thereon, to the Farmers' National Bank of Amsterdam; and that on or before July 26, 1877, said note, together with the interest due thereon, was charged against the credit and to the account of said Zebulon Phillips, and was thereafter paid by said Phillips to the said firm of Phillips, Gardiner & Co. And they further allege that, at the time of the assignment of the judgment by the Farmers' National Bank to the plaintiff herein, the said bank was not the legal owner and holder of said judgment. Upon the trial, the judgment roll in the former action, and upon which the judgment was founded, was placed in evidence. The complaint therein was the ordinary complaint upon a promissory note against the makers and indorsers, Zebulon Phillips, Leonard Y. Gardiner, and Harmon Wendell being named as defendants therein; and the plaintiff, the bank, alleging that said defendants have not paid the said note or any part thereof. The defendants Van Alstyne made separate answers to such complaint, but both were in substantially the same form. In the second defense in such answers, the defendants allege, upon information and belief, "that said plaintiff is not the owner or holder of the note in the complaint mentioned for value, but that the same is owned by the defendants Zebulon Phillips and Leonard Y. Gardiner, under their firm name of Phillips, Gardiner & Co., or the successor or successors of said firm, who received said note from said Zebulon Phillips with full knowledge of all the facts hereinafter mentioned." The answers then go on to state that the note was made at the request and for the accommodation of Zebulon Phillips, without consideration, and upon the agreement that the same should not be used or negotiated, and that all such facts were known to the defendants Phillips, Gardiner, and Wendell. And the answer further alleges, upon information and belief, that such note, although nominally held by the bank, "is really held and owned by said Phillips, Gardiner & Co., or the successor or successors of them, and that the same was obtained by them with full knowledge of the facts that said note was obtained by said Phillips from the said defendants Lester Van Alstyne and Richard H. Van Alstyne, without consideration, and solely for the accommodation of said defendant Zebulon Phillips." It appears from the judgment roll that the defendants did not appear upon the trial to defend such action. Upon the trial of this action, the appellants attempted to show that the plaintiff had not paid any consideration for the assignment of the judgment; also, that the bank was paid the amount of the note by one of the indorsers before the commencement of the action in which the judgment was obtained; that the fact of such payment was concealed from them; that such note was an accommodation note, and without consideration; and also that, at the time of putting in their answers, the appellants were not aware that the bank had been paid the amount due upon the note. The trial court refused to permit proof of any of these facts. The appellants asked to amend their answer so far as to allege the payment of the note by Mr. Gardiner before the commencement of the former action, and the concealment of that fact by the bank at the time the judgment was obtained. The court refused to allow the amendment. The

plaintiff obtained judgment against the defendants, and the defendants moved to set aside the verdict, and for a new trial, which motion was denied; and from such judgment, and order denying the motion for a new trial, the defendants have appealed to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Clarence E. Akin (W. E. Kisselburgh, Jr., of counsel), for appellants.

James C. Fursman, for respondent.

HERRICK, J. Respect for judicial decisions, stability to rights of persons and of property, wise public policy, and the public and private necessity that litigation should be terminated, all require that, as a general rule, the decision and judgment of a court as to any matter within its jurisdiction should be conclusive upon the parties to it, and that any error in it should be corrected by motion or appeal in the action itself. Like all other general rules, however, this rule is subject to exceptions. Fraud and imposition invalidate a judgment, as they do all acts, and may be alleged whenever the party seeks to avail himself of the results of his own fraudulent conduct by setting up the judgment,—the fruits of his fraud. Mandeville v. Reynolds, 68 N. Y. 528–543. It may be well to say here that most of the cases wherein the question of fraud invalidating a judgment has been discussed are cases where attempts have been made, in actions brought for that purpose, to vacate or set aside judgments; but I cannot see that any different principle is applicable to an affirmative action to set aside a judgment than to a defense asserting the same matter against the enforcement of such a judgment. The practical result is the same in each case, and my discussion of the case proceeds upon that assumption.

The fraud for which a judgment will be set aside is one in the concoction of the judgment. Story, Eq. Jur. § 1575; Ross v. Wood, 70 N. Y. 8. The fraud and imposition relied upon here as entering into the concoction of the judgment is not that the plaintiff in the former action did not disclose the fact of payment, but that it affirmatively asserted that the note had not been paid, and made the person who paid it a party to the record. The fact of the payment of the note, as now asserted by the appellants, of course, is a defense that could have been asserted in the former action. Whether it could have been proved under the pleadings in that action, I will not now stop to consider. Assume that it could not have been proved; still that alone does not relieve the appellants. If the pleadings were not in form such as to permit them to prove the facts, that is their fault; and the court cannot remedy it now. That should have been cared for in the former action. "Equity will not interfere to set aside proceedings in an action in another court upon charges of fraud which could have been tried and decided in that action, or where relief is open in the action to the complaining party, by motion, appeal, or otherwise." Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. But it said that at that time the appellants were in ignorance of the facts, and therefore could neither plead nor prove them. "It is not

sufficient to authorize the interference of the court that it is shown that * * * the defendant omitted to avail himself of his defense, if, before the judgment was rendered, the facts were known, or might by the exercise of reasonable diligence have been ascertained, by him. It is the duty of a defendant to make his defense, if he has any, when he is sued; and, if he omits to do it, he is, in general, concluded by the judgment." Stilwell v. Carpenter, 59 N. Y. 414. Again, it has been said that "ignorance of the facts constituting the defense does not excuse the omission of the party to make it, nor entitle him to the aid of equity, unless it can be shown that he could not have acquired the information by diligent and careful labor in preparing the cause for trial. The rule is inflexible that a party seeking the aid of a court of equity must show diligence, and that the obstacles which prevented him from maintaining his legal rights could not have been overcome or avoided by any reasonable care or diligence on his part." Mayor, etc., v. Brady, 115 N. Y. 599, 22 N. E. 237, and cases cited.

Could the facts now asserted by the appellants have been ascertained by diligence in preparing for their defense? It is apparent from the answers they interposed in the former action that they had been in some way apprised that the bank was not then the owner of the note, but that it was really owned by Phillips and Gardiner, for they asserted in such answer that they were informed and believed such to be the case. And such would have been the case if the bank had been paid in the manner now claimed by the appellants. Conceding that they had no actual and full knowledge of the true state of facts, still, from their sworn answers, they had information, which they believed, amply sufficient to put them upon inquiry; and it would have required no great diligence in preparing for trial, or upon the trial itself, to ascertain the facts; but apparently, after putting in their answers, they ceased all effort to defend, not even appearing upon the trial to examine the plaintiff's witness or witnesses, but permitting the action to go by default. It seems to me that they have utterly failed to show that, by the exercise of diligence, they could not have discovered before the trial of the former action the existence of the facts which they now assert constitute the fraud that entered into the concoction of the judgment.

Without discussing what effect the acquiescence of the appellants in the judgment for so many years after they claim they were apprised of the fact of the payment to the bank should have, it seems to me that, for the reasons above set forth, the appellants ought not to be permitted to question the validity of the judgment sued upon, and that, therefore, the judgment and order appealed from should be affirmed. All concur.