# Fort Jefferson Imp. Co., &c. v. Green.

APPEAL FROM TAYLOR CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.    REVERSED.

CORPORATIONS—VENUE OF ACTIONS—ENFORCEMENT OF JUDGMENT—FRAUD AS DEFENSE.

Held:  1. Under Civ. Code Prac., sec. 72, an action against a corporation upon a contract should have been brought either in the county in which the principal place of business of the corporation was, and in which the contract was made and to be in part executed, or in another county, in which the company also had an office, and in which the contract was to be in part performed, or in the county in which the chief officer of the corporation resided; but the effect of a judgment rendered in an action brought in another county, where the facts affecting the jurisdiction did not appear in the record, is not determined.

2. Fraud in obtaining a judgment may be pleaded as a defense to an action for its enforcement brought in the same court in which the judgment was rendered.

D. L. PENDLETON, ATTORNEY FOR APPELLANTS.

This appeal is from a judgment sustaining a general demurrer to appellant's answer, which states all the facts relied on to support appellant's contention. The only question in this case is:

That where a judgment is obtained through collusion and fraud, by the secretary against his corporation, which has a place of business, a chief officer, a president, residing in this State, in an action instituted against it in a county in which.

such corporation has no office or place of business, or chief officer or agent residing therein, and in which county the alleged contract sued on was not made or to be performed, and where the clerk of the court, in which the action was brought, and who issued summons, was the plaintiff in the one action and colluded with the plaintiff in the other action to procure a similar judgment against the corporation, and where said summons, in each case, was executed by serving same upon said clerk as secretary of the corporation and upon another person who is merely a director of the company, the judgment so obtained is without notice to the company, and obtained without jurisdiction of the person, and is, therefore, void, and can be attacked wherever it is attempted to be enforced.

The two cases of Fort Jefferson Imp. Co., &c. v. S. A. Russell and Same v. Bessie Green, Assignee of T. E. Green, which are now appealed at the same time to this court, are so alike and so clearly allied that the same brief will apply to both cases.

The facts relating to the obtaining of these two judgments of T. E. Green and S. A. Russell against appellant are, briefly, as follows:

This company was organized in the year 1890 for the purpose of buying up and developing into a town a large tract of land in Ballard county, Ky. The company organized with proper offices and proceeded to issue and sell stock and to take such steps as were necessary to carry out the object of the corporation. One S. A. Russell was first made secretary, and upon his resignation, a few months after his appointment, he was succeeded in office by one T. E. Green, who held the office for several months. A little over a year after the organization of the company, it was found that a good title to the land which it proposed to buy could not be obtained, and this prevented the objects of the company from being carried out. Litigation followed, resulting in the opinion rendered in the case of Fort Jefferson Imp. Co. v. Dupoyster, &c., found in 21 Ky. Law Rep., 515 and 1627. These two secretaries, Green and Russell, at the June term, 1892, of the Taylor circuit court, instituted, simultaneously, two actions against the company for their services rendered as secretaries thereof, and on July 2, 1892, obtained the judgments found in this record. These judgments were obtained by default, no defense being made, and no steps were taken to enforce them until June 17, 1899, when each of the plaintiffs filed a petition in equity in the Taylor circuit court to enforce same. In each action an answer was filed by the company, setting up as a defense the facts recited herein. The president of the company, R. A. Burton, resided in Marion

Fort Jefferson Imp. Co., &c. v. Green.

county, adjoining Taylor county, in which these actions were brought. S. A. Russell was then, and is now, an attorney at law, residing in Marion county, where the president then resided, and T. E. Green was clerk of the Taylor circuit court, in which both judgments were obtained.

Under this showing, we think the court erred in sustaining a demurrer to the answers of the defendant company, and upon this appeal we ask a reversal of that judgment.

H. W. RIVES FOR APPELLEE.

The only question that need be considered is the validity of the judgment rendered July 2, 1892, for, if that judgment can not now be successfully assailed in this collateral proceeding, the decree appealed from was, beyond question, in all respects regular.

That original judgment can not now be questioned because of any mere irregularity or error in its rendition; no appeal was prosecuted from it, and in every collateral proceeding it must be regarded as conclusive, unless it be not voidable merely, but absolutely void.

The answer fails to disclose any claim of defense against the original cause of action sued on by Green, and virtually admits the justice of his demand; it fails to allege that the supposed fraud was not discovered, or by the use of ordinary diligence could not have been discovered until within five years next before the filing of the answer; and, finally, it is an attempt, in a collateral proceeding, to attack a judgment for fraud when a judgment so obtained is at most only voidable, and can not be set aside only in a direct proceeding instituted for that purpose.

The only fact alleged in the answer on which defendant bases the charge of fraud is, that Russell and Green collusively combined and conspired to procure both their default judgments in Taylor county, without other notice than that shown by the record. We claim that the original judgment was not void, and that it has not been assailed within the proper time or in the proper manner. Civil Code, secs. 51, 70, 72, 92, 118, 439 and 732; Kentucky Statutes, secs. 2515, 2519; Cavanaugh v. Britt, 90 Ky., 273.

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING.

In 1892, T. E. Green obtained in the Taylor circuit court a judgment by default against the Ft. Jefferson Improvement Company for two thousand and odd dollars, claimed

as salary for services as secretary of the corporation. An execution issued upon the judgment was returned "No property found." In April, 1900, Bessie B. Green, as assignee of Thomas E. Green, filed a petition in equity in the Taylor circuit court, alleging the judgment, execution, and return of "No property;" and seeking to subject to the payment of the judgment in Green's favor a judgment in favor of the company against Dupoyster, to secure which a lien had been adjudged in favor of the company. The Ft. Jefferson Improvement Company entered its appearance specially for the purpose of objecting to the jurisdiction of the Taylor circuit court, both in rendering the judgment in the ordinary action first brought and in the present proceedings. The corporation alleged that its chief office was in Louisville, Jefferson county; that it had a branch office in Ballard county, and had no other office or place of business in the State; that during the pendency of the original action its president and chief officer resided in Marion county, and after his death the vice president resided in Clark county; that the contract on which the judgment sued on was obtained was made in Jefferson county, and to be performed either in Ballard county or Jefferson county, and not in Taylor county; that T. E. Green, plaintiff's husband and assignor, was, during the time of the pendency of the original suit, clerk of the Taylor circuit court, issued the summons, and kept the record of all the proceedings by which the judgment was obtained; that he was the same T. E. Green on whom service of summons was made; that Green and one S. A. Russell, who had also been a secretary of the corporation, brought suits in the Taylor circuit court, at the same time and for similar causes of action, the proceedings being the same in both suits, except the dates and the amounts of the claims;

that Green and Russell combined and conspired together to procure the default judgment without notice to the company, that the company was not summoned or notified in either of the actions, except by service of process shown by return of the officers to have been made upon the plaintiff, Green, as secretary of the company, and on J. P. Gaddie as its managing agent, both being residents of Taylor county, and being the chief and only officers of the company found in Taylor county, but that Gaddie was neither the general or managing agent, nor agent or officer of the company at all, except that he was a director. The prayer of the answer was that the judgment in the original action be declared null and void, that the court refuse to enforce the same, and that the present petition be dismissed. A demurrer to the answer was sustained. The company standing upon its pleading, judgment was rendered against it.

It is evident that, assuming, as we must, upon the demurrer, the averments of the answer to be true, the original suit should, under section 72 of the Civil Code of Practice, have been brought either in Jefferson county, the county in which the principal place of business of the corporation was, and in which the contract was made and to be in part executed, or in Ballard, in which the company also had an office, and in which the contract was to be in part performed, or in Marion, in which its chief officer resided. These facts as to the officers of the company, the residence of its chief officer, and the places where the contract was made and to be performed do not appear in the record of the original suit, which is copied in full in the answer. It is not necessary to decide what effect the existence of these facts would have upon the judgment obtained, and how advantage could be taken of them. The

averments of the answer are a charge of fraud in obtain-
ing the original judgment. On behalf of appellee it is
urged that fraud in obtaining the judgment can not be set
up as a defense to an action to enforce the judgment, as
it is a species of collateral attack. We have not been
cited to nor have we found, any case in this State exactly
in point. In Rowan Co. v. Logan, 13 Ky. Law Rep., 635,
there had been an order of the court of claims making an
allowance to a creditor of the county. Suit was brought
for a mandamus to compel a levy of a tax to pay the
claim. In the mandamus suit there was interposed a plea
of fraud in obtaining the order of allowance. It was held
that under Prebles v. Chism, 5 T. B. Mon., 158, while the
allowance was not a judgment, it operated with the same
binding effect against the county; that the suit for man-
damus was an action to enforce the judgment, and that
fraud in obtaining the order was an available defense. A
somewhat similar case is presented in Anderson Co. Court v.
Stone, 18 B. Mon., 851. In Pomeroy's Equity Jurispru-
dence (section 919) it is said: "When a judgment or de-
cree of any court, whether inferior or superior, has been
obtained by fraud, the fraud is regarded as perpetrated
upon the court as well as upon the injured party. The
judgment is a mere nullity, and it may be attacked and de-
feated, on account of the fraud, in any collateral proceed-
ing brought upon it or to enforce it; at least in the same
court in which it was rendered. When a judgment fraud-
ulently recovered in one court, is sued upon in another
court, whether the fraud can there be set up to defeat its
enforcement has been questioned. There can be no doubt,
however, that under these circumstances, wherever the re-
formed procedure prevails, the fraud may be set up by
way of equitable defense, especially if the affirmative re-

lief of cancellation is sought." This would seem to be conclusive of the proposition that fraud in obtaining a judgment may be set up as a defense in a suit brought in the same court to enforce it.

We think, therefore, that it was error to sustain the demurrer to the answer, and the judgment is reversed, with directions to set aside the order sustaining the demurrer and enter an order overruling it, and for further proceedings consistent herewith.