## Ex Parte James Howard Allnutt, et al.

(Decided March 24, 1922.)

### Appeal from Owen Circuit Court.

Trusts—Management of Trust Estate.—The guardian of three infant brothers having fifty-five hundred dollars in money is authorized under the facts of this case to invest two thousand dollars of the same, to be supplemented by one thousand dollars furnished by their mother, in the purchase of a home for the mother and infants, such investment being authorized by section 4706, Kentucky Statutes.

J. G. VALLANDINGHAM and J. W. CAMMACK for appellants.

J. H. SETTLE, Amicus Curiae.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

In March, 1918, H. T. Allnutt died in Owen county and left surviving him a wife and three infant sons, aged, in 1921, nine, seven and three years.

The oldest child is afflicted and requires the almost constant care and attention of the mother.

In 1921, presumably after the settlement of his estate, the three infants had fifty-five hundred dollars in money which was invested so as to bring five per cent per annum, while the mother had only about thirteen hundred dollars in money besides her household and kitchen furniture.

The guardian of the three infants, suing in their names, has joined the mother in this proceeding asking the Owen circuit court to authorize the guardian to invest a part of the fifty-five hundred dollars belonging to the infants in a home in Owenton, Kentucky, the county seat of Owen county. In the petition it is alleged that the three infants are in the custody of their mother and that they reside in Owenton and until a short time before the filing of the petition had been able to rent property in that place in which to live; that there is an excellent school in the place and the grandparents of the children reside therein and own property there and can and will render to the mother assistance in caring for her said children, but that there has arisen such conditions that prevent her from renting property in the town and that they have no place to live; that it is absolutely essential for their welfare that they have a house in which to live and it is to the interest of the mother and especially the infants that they be located near the grandparents where the latter can render the necessary assistance in the rearing, education and support of the children; that rents in that city are very high and a house cannot be procured in which to live with persons having small children. That it is absolutely necessary that a house be procured in which the family may live and that the mother has no property except about twelve or thirteen hundred dollars of her own derived from her husband's estate and there is no way of providing a home for the mother and children unless they are permitted to invest a part of the children's money in a house and lot for their use; that there is a suitable residence in the city which can be purchased for a reasonable price, well located and in a good neighborhood and

near the grandparents of the children and can be bought for three thousand dollars and good title can be had to the same and it is alleged that the mother while unable by herself to buy a home for her children will, if the court will permit the investment of a part of the money of her infant children, invest part of her own money in the property in such way as may be directed by the court.

It is alleged that the guardian of the infants seeks the advice and consent of the chancellor as to such investment.

The prayer is that the guardian be authorized to invest not exceeding three thousand dollars of the infants' money in a home for them and their mother, after an examination of the property by the court through its commissioner and an examination of the title thereto and that if deemed proper an order be made directing and permitting the guardian to purchase such property and that he be directed to accept the offer of the mother to invest a part of her own money in the property and title taken to the parties in proportion to the money furnished. Depositions were taken and the chancellor upon a hearing declined to authorize the guardian to invest any part of his wards' money in the house and dismissed the petition, from which the petitioners have appealed.

In the judgment the court said it was not deemed advisable because of the expense the real estate would be to the infants in the way of taxes, insurance and repairs, but the court recited in the judgment that the property was reasonably worth three thousand dollars, the price at which it is alleged it may be purchased.

The evidence taken shows in substance that houses are very scarce in Owenton and rents are very high; that it is very difficult for persons with small children to rent places in which to live and that the oldest one of the infants is afflicted and requires almost constant attention from his mother; that they had been notified to give up the place where they were then living and had been unable to procure another place; that the house which they contemplated purchasing was in a respectable locality, next door to a church and not far from the residence of the paternal grandfather and grandmother of the children, and that the latter would be of great assistance to the mother in raising, training and supporting the children; that the mother because of the affliction of her

oldest child and the extreme youth of the younger ones could not go out into the world and make a living for herself and them, but was required to stay at home and give her whole time and attention to them; that the property in question was well worth the three thousand dollars and the title thereto was good, and the widow herself testified that she was willing to put in one thousand dollars of her own money toward the purchase of the place and have the title taken to her and her children proportionately.

It might be, under normal conditions, that it would be better for this woman and her infant children to rent property at moderate prices rather than to expend any considerable portion of their funds in the purchase of a home; but from the evidence in this record and what is generally known about housing conditions in most communities, it appears that it would be certainly most inconsiderate, if not even much worse, to prevent this woman and the guardian of her infant children from providing for herself and them a moderately comfortable home, which it appears they cannot have in any other way.

Under the provisions of section 4706, Kentucky Statutes, it is made lawful for persons holding funds in fiduciary capacity to invest the same in real estate and under the facts and circumstances disclosed in this record we can see no legitimate objection to authorizing this guardian to accept the generous offer of the mother of these children and put at least two thousand dollars of their money with one thousand dollars of her money and invest it in a home for them, taking the title in proportion to the money furnished.

The rearing, training and support of infant children is the most sacred trust confided to men or women, and nothing can be more important than that they, in their infancy, should be not only brought up with proper surroundings but that they should be provided with a comfortable home, with nutritious food, and warm clothing. We doubt not that the best place these children can be reared is in a neighborhood or locality near to their paternal grandparents.

For the reasons indicated the judgment is reversed with directions to enter a judgment authorizing the guardian to expend not exceeding two thousand dollars of the infants' money in the purchase of a home in con-

junction with one thousand dollars to be furnished by their mother and that the title be taken in proportion to the amount so furnished.