# Lowe v. Taylor et al.

(Decided June 20, 1930.)

STRATTON & STEPHENSON for appellant.

JOHN S. CARROLL, guardian ad litem, and W. B. TAYLOR and F. W. STOWERS for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Litigation between the parties to this appeal has lasted for several years, and the case has been in this court on two former occasions. It originated in a contract for the conveyance of real estate. The action was commenced by Kelsey Taylor to enforce payment of a portion of the consideration due under the contract. Irvin Lowe defended on the ground that Taylor could not convey a good title. The objection to the title was that Kelsey Taylor had but a life estate in the property with remainder to his bodily heirs. The land had been conveyed to Kelsey by W. B. Taylor, and the deed, as it appeared on record, contained a provision to the effect that the estate conveyed to Kelsey Taylor was for life with remainder to his bodily heirs. Kelsey Taylor had instituted an action against W. B. Taylor to correct the record of the deed, claiming that the provision limiting

the estate had been stricken from the deed before it was executed, and that the recording of the stricken words was by mistake of the recording officer. The circuit court had rendered a judgment to accomplish the correction desired, but on the first appeal to this court that judgment was reversed. It was held that the relief could not be granted in an action by the life tenant against the grantor alone, since it was necessary that a representative of the remaindermen be a party in order that a valid judgment might be rendered. Lowe v. Taylor, 222 Ky. 846, 2 S. W. (2d) 1042. The judgment reforming the record of the deed was held to be void as to the children of Kelsey Taylor, born and unborn, but it was stated in the opinion that nothing therein should prevent the filing of an amended petition making the infant child of Kelsey Taylor a party defendant and proceeding to have the record of the deed reformed to correspond with the facts. The suggestion of the court was predicated upon the doctrine of virtual representation which authorizes proceedings against one of a class when land titles are affected, and enables the court to determine the state of the title so as to bind all of the class concerned. The mandate was filed, and in due course the circuit court redocketed the case of Taylor v. Taylor. An amended petition was filed making the only child of Kelsey Taylor a party defendant. The infant was under fourteen years of age and the summons was served upon a guardian ad litem. According to the actual circumstances, the summons should have been served upon the mother of the infant. On the second appeal it was held that the judgment was void because the infant was not properly before the court. Lowe v. Taylor, 231 Ky. 273, 21 S. W. (2d) 284. Thereafter the case of Taylor v. Taylor, was again docketed, the infant was brought before the court in the manner required by section 52 of the Civil Code of Practice, as construed in the second opinion of this court, and for the third time the record of the deed was reformed to correspond with the facts alleged by Kelsey Taylor. The facts then were brought into the present record, and the circuit court rendered a judgment against Lowe for the amount due on the purchase price of the property. Lowe again appeals, insisting that the proof adduced in the case of Taylor v. Taylor was inadequate to justify the court in rendering the judgment of reformation of the deed as recorded.

It was held in the opinion on the first appeal that the defense interposed by Lowe constituted a collateral

attack upon the judgment reforming the record of the deed and could not prevail unless the judgment was void. It was held, however, that the judgment was void because of the absence of indispensible parties. On the second appeal the second judgment was held void because the new party was not served with process as required by law. It is not now claimed that the last judgment rendered in the case of Taylor v. Taylor is void, but merely that the evidence upon which it was rested was not sufficiently clear and convincing to warrant the relief granted. But in a collateral attack we do not review the propriety of the judgment rendered or rejudge the merits on the proof adduced. In such cases we determine simply whether the court had jurisdiction of the subject-matter and of the parties so that a valid judgment could be pronounced. City of Owensboro v. Hardwick, 232 Ky. 751, 24 S. W. (2d) 555. The proof, however, was not lacking in the case of Taylor v. Taylor. W. B. Taylor, who made the deed, testified that he had directed the draftsman to insert in the deed the provisions granting a life estate to Kelsey Taylor, with remainder to his bodily heirs. Later, on advice of counsel, and before signing the deed, he determined to strike out the limitation and did so by canceling the lines containing it. The deed was then executed and lodged for record. It then had no limitation, but conveyed a fee-simple title to the land to Kelsey Taylor. The clerk made a mistake in recording the deed by copying in the record the words which had been canceled. The mistake in the record did not decrease the estate conveyed by the deed. The evidence was sufficient to warrant the judgment of the chancellor reforming the record of the deed, and when it was rendered it destroyed the defense of Lowe. The contention on this appeal that the evidence produced in the case of Taylor v. Taylor was not sufficiently convincing to warrant a reformation of the deed cannot avail. The testimony was unequivocal and uncontradicted, and the court that had jurisdiction of the subject-matter and of the parties deemed it sufficient. The judgment was proper and, in any event, is conclusive on collateral attack. The only defect in the title of Taylor was corrected, which left Lowe without a valid defense. The judgment then entered was authorized by the facts exhibited in the record.

The judgment is affirmed.