## Houston's Guardian (now Luker) v. Luker's Former Guardian.

## Luker's Guardian et al. v. Philpot et al.

(Decided March 23, 1934.)

C. R. LUKER for appellants.
RAY C. LEWIS, W. A. HAMM and H. C. CLAY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

These appeals have been consolidated and will therefore be tried as one.

We are confronted with a motion to dismiss both of them. Without determining the right of the appellee in the first-entitled action to have it dismissed, we shall consider it on its merits. Owen Philpot was guardian of

Lillie M. Penticough Houston, and on July 7, 1928, he and Fielden Houston filed a petition ex parte, which, with the leave of court, was amended, wherein he sought the authority of the chancellor to approve the investment of $2,000 of the money in his hands as guardian, belonging to Lillie M. Penticough Houston; $1,600 in the tract of land described in the petition as amended, and $400 in household and kitchen furniture suitable for her home, a milk cow, and necessary live stock for her and her husband's use on a farm. The depositions of a number of witnesses, including the guardian, the ward, and her husband, were taken in support of the allegations of the petition as amended. Both the ward and her husband, at the time of the submission of the case, were under 21 years of age. On submission the court entered a judgment authorizing and permitting the guardian to make the investment of $1,600 in the tract of land described in the amended petition and necessary household and kitchen furniture to enable the ward and her husband to keep house, to repair the dwelling house on the farm, and pay for a milk cow and necessary live stock for their use on the farm, to the amount of $400. The guardian was directed to report to the court the copy of the deed conveying the land to the ward, before paying for it. This judgment was entered December 17, 1928. The guardian obtaned the deed of William Mc-Whorter and Mary McWhorter conveying the land to his ward for the recited consideration of $1,600, paid December 17, 1928. On the 8th day of December, 1932, he reported the acceptance of the McWhorters' deed to the land and the investment of $366.11 in furniture and other items embraced in his report. The court approved the investment, confirmed the report of the guardian, and directed that a credit be allowed him in the settlement of his accounts as guardian. Philpot ceased to be guardian, and on the 14th day of December, 1931, C. R. Luker was appointed in his stead. The latter qualified and is still acting. It does not appear from any order in the record that the ex parte proceeding of Philpot and Houston was stricken from the docket. However, before making the report of his acts and doings in relation to the investment of the $1,966.11, he entered a motion to redocket the case, which was sustained, and the proceeding was redocketed before the filing of the report and the entering the order concerning it. On the 28th day of December, 1932, Luker, as guardian, entered a motion "to strike, cancel and set aside the order con-

firming and approving the expenditures and acts of Philpot as set out'' in the order of date December 8, 1932. This motion was overruled. Luker saved an exception, but neither asked nor was granted an appeal.

Under section 4706, Kentucky Statutes Supp 1933, a guardian, with the approval of the circuit court, may invest the funds of his ward in real estate where it appears to be a safe investment or reasonably necessary for maintenance. Ex parte James Howard Allnutt et al., 194 Ky. 312, 238 S. W. 752; National Surety Co. v. Taylor's Guardian, 200 Ky. 728, 255 S. W. 542; Gee et al. v. Womack et al., 203 Ky. 718, 263, S. W. 6. In applying this statute under our construction thereof, either one of the two essentials must guide the court in its authorization and approval of the investment; i. e., it must appear to be a safe investment, or reasonably necessary for the maintenance of the ward.

Viewing the evidence, we are not prepared to say it does not support the judgment of the chancellor. The rule that the judgment of the chancellor will not be reversed by this court unless it is against the clear preponderance of the evidence applies in this kind of a case the same as in any other action in equity.

The complaint is made because the ward was not a party to the proceeding. We know of no Code or statutory provision requiring the ward to be made a party to such proceeding and none has been pointed out to us. Section 4706 confers on a guardian authority to invest the funds of his ward in real estate. Section 2039 confers chancery jurisdiction over the guardian and ward, and the control, the management, and supervision of his estate. Neither of these sections requires the ward to be made a party to the proceeding in chancery when taken under either or both. The court obtained jurisdiction of the subject-matter involved on the filing of the ex parte petition, and it was exclusively in his discretion to approve or disapprove the investment, made in accordance with the previous order authorizing and directing it, although not reported until after Philpot went out of office as guardian.

No valid reason appears in the second entitled action for dismissing the appeal. The petition assails the order of investment, the investment itself, and report thereof to the court on the ground Philpot, himself was the owner of the land conveyed by the McWhorters'

deed and the proceeding was a device on his part to convey his own land to his ward, using the McWhorters as an instrumentality to accomplish his purpose; Philpot and the McWhorters were in collusion, for the purpose of perpetrating a fraud on the court in the obtention of the judgment and also on his ward in conveying his own land by and through the McWhorters at a price far in excess of its fair market value. The petition contains many surplus, immaterial, and irrelevant allegations, and is is susceptible of the construction that its purpose was to obtain a new trial under section 518 of the Civil Code of Practice. Disregarding its superfluous allegations, it contains a sufficient statement of facts to constitute a cause of action on the ground of fraud and collusion of Philpot and the McWhorters. As we have observed, section 4706 conferred on the guardian the right to invest her funds in real estate subject to the supervision and direction of the court; but it was his duty to do so bona fide. If indeed he owned the land and merely used the McWhorters as an instrument to convey his own land to his ward, equity will hold him liable for his ward's funds so invested, although he used the court as a vehicle to accomplish his purpose. Clay v. Clay, 3 Metc. 548. It would be inequitable to permit him to do indirectly that which he may not do directly, and if the court and the McWhorters were used as instruments in a scheme to sell his own land to himself, as guardian, or to his ward, and thus appropriate to his own use the funds of the ward under his control, the judgment and deed are invalid. The ward is entitled to have the deed declared invalid or to recover of him the profits realized from the deal thus engaged in. Chanslor v. Chanslor's Trustees, 11 Bush, 633; Wright v. Arnold, 14 B. Mon. 638, 61 Am. Dec. 172; Patterson v. Griffth, 62 S. W. 884, 23 Ky. Law Rep. 334.

On a showing of facts supporting the allegations of the petition, in an action by the ward if of age, or her guardian during infancy, she is entitled to be relieved of a fraudulent ex parte judgment and also of the deed of the McWhorters executed and delivered for, and at the instance and request of, Philpot while acting as guardian. Lee v. Fox, 6 Dana, 171; Hemphill v. Lewis, 7 Bush, 214.

It is an accepted rule, a domestic judgment of a court of general jurisdiction cannot be collaterally attacked unless want of jurisdiction appears in the record,

May et al. v. Sword et al., 236 Ky. 412, 33 S. W. (2d) 314; Lowe v. Taylor, 235 Ky. 21, 29 S. W. (2d) 598; Wells Adm'x v. Heil, 243 Ky. 283, 47 S. W. (2d) 1041, and every presumption will be indulged in its support against such attack, Ramsey's Ex'r v. Ramsey, 233 Ky. 507, 26 S. W. (2d) 37. An accordant rule is when such judgment is obtained by fraud, it is a nullity and may be attacked in any collateral proceeding. See Commonwealth v. Smith, 242 Ky. 365, 46 S. W. (2d) 474, and cases cited. In Fort Jefferson Imp. Co. v. Green, 112 Ky. 85, 65 S. W. 161, 162, 23 Ky. Law Rep. 1342, it was written:

"When a judgment or decree of any court, whether inferior or superior, has been obtained by fraud, the fraud is regarded as perpetrated upon the court as well as upon the injured party."

If as alleged in the petition Philpot was the owner of the land, although the title was in the McWhorters, the suppression or the intentional withholding of this fact from the court was as vicious and disastrous as a false representation. The motive was the same in either case, and the result will be the same since it was the intention of Philpot that constitutes the fraud. Dennis v. Thomson, 240 Ky. 727, 43 S. W. (2d) 18, and cases cited.

The allegations of the petition being sufficient to charge Philpot and the McWhorters with fraud and collusion, the court erred in sustaining a demurrer to it, notwithstanding the quantity of irrelevant allegations.

Wherefore the judgment is affirmed in the first entitled action and reversed in the second, for proceedings consistent with this opinion.