LOGAN CITY v. UTAH POWER & LIGHT CO.

No. 5135. Decided May 15, 1935. (44 P. [2d] 698.)

For former opinion, see 86 U. 340; 16 P. (2d) 1097.

*Leon Fonnesbeck,* of Logan City, for appellant.

*Geo. R. Corey* and *A. E. Bowen,* both of Salt Lake City, for respondent.

ELIAS HANSEN, Chief Justice.

In this cause an opinion has been heretofore rendered in which the order of the trial court sustaining the demurrer to the plaintiff's complaint and the judgment dismissing the suit were affirmed. *Logan City* v. *Utah Power & Light Co.,* 86 U. 340; 16 P. (2d) 1097. A petition for rehearing on behalf of plaintiff was granted. The cause was reargued and has been re-examined. In the petition for a rehearing it is claimed by Logan City that this court was in error in its former opinion in holding that the matters which the city seeks to litigate in the instant case could have been litigated in the former case referred to as No. 3055, and that this court was likewise in error in holding that the city was precluded from litigating the matters complained of in the present suit because it should have litigated such matters in the former suit. In the brief filed in support of the petition for rehearing it is again insisted on behalf of the city that the claimed invalidity of the decree in case No. 1772 was not available to it as a defense or otherwise in case No. 3055. There are cases which support the city in the view that it could not attack, in case No. 3055, the validity of the decree entered in case No. 1772. We, however, are of the opinion that the great weight of authority, especially in those jurisdictions which have statutes similar to Comp. Laws Utah 1917, § 6579 (now R. S. Utah 1933, 104-9-5), announce a

different doctrine from that contended for by plaintiff. In 2 Pomeroy's Equity Jurisprudence (2d Ed.) § 919, it is said:

"When a judgment or decree of any court, whether inferior or superior, has been obtained by fraud, the fraud is regarded as perpetrated upon the court as well as upon the injured party. The judgment is a mere nullity, and it may be attacked and defeated on account of the fraud, in any collateral proceeding brought upon it or to enforce it, at least in the same court in which it was rendered. When a judgment fraudulently recovered in one court is sued upon in another court, whether the fraud can there be set up to defeat its enforcement has been questioned. There can be no doubt, however, that under these circumstances, wherever the reformed procedure prevails, the fraud may be set up by way of equitable defense, especially if the affirmative relief of cancellation is sought."

In Pomeroy's Code Remedies (4th Ed.) § 30, at page 48, it is said:

"Whenever equity confers a right, and the right avails to defeat a legal cause of action, * * * that is, shows that the plaintiff ought not to recover in his legal action, * * * then the facts from which such right arises may be set up as an equitable defence in bar. There can be no other limitation, unless we would defeat the plain intent of the statute, and return to the old method of granting to the defendant a decree in equity from which a legal defence may arise."

And further in section 35, at page 54, the same author says:

"Where, however, the nature of the subject-matter and of the relations between himself and the plaintiff are such that he could have maintained an independent suit in equity against the plaintiff and procured specific relief thereby, or could have filed a cross-bill under the old practice, he may now obtain the same remedy upon his answer, at all events, as was before remarked, if the demand alleged in the answer constitutes a valid counterclaim."

The following cases support, or tend to support, the doctrine that the matters which plaintiff now seeks to litigate could have been litigated in case No. 3055: *Dobson* v. *Pearce*, 12 N. Y. 156, 62 Am. Dec. 152; *Gardiner* v. *Van Alstyne*, 22 App. Div. 579, 48 N. Y. S. 114; *Id.*, 163 N. Y. 573, 57 N. E.

1110; *Griffin* v. *Culp*, 68 Okl. 310, 174 P. 495; *Wonderly* v. *Lafayette County*, 150 Mo. 635, 51 S. W. 745, 45 L. R. A. 386, 73 Am. St. Rep. 474; *Babcock* v. *Marshall*, 21 Tex. Civ. App. 145, 50 S. W. 728, 729; *Dyer* v. *Johnson* (Tex. Civ. App.) 19 S. W. (2d) 421; *State ex rel. American Freehold-Land Mtg. Co.* v. *Tanner*, 45 Wash. 348, 88 P. 321; *McColgan* v. *Muirland*, 2 Cal. App. 6, 82 P. 1113; *Spencer* v. *Vigneaux*, 20 Cal. 442; *State ex rel. Bradway* v. *DeMattos*, 88 Wash. 35, 152 P. 721; *Ft. Jefferson Imp. Co.* v. *Green*, 112 Ky. 85, 65 S. W. 161; *Brown* v. *Trent*, 36 Okl. 239, 128 P. 895; *Southern Pine Lumber Co.* v. *Ward*, 16 Okl. 131, 85 P. 459; *Doyle* v. *West Temple Terrace Co.*, 43 Utah 277, 135 P. 103.

As to the claimed right of Logan City to litigate in the instant case matters which it could have litigated in case No. 3055, this court and the courts generally are likewise committed to a doctrine contrary to plaintiff's contention. In the case of *Peay* v. *Salt Lake City*, 11 Utah 331, 40 P. 206, 208; this court said:

"The defendant can only be called upon to answer the material allegations of the complaint, and upon such allegations the issue is formed, and, when judgment is rendered thereon by a court of exclusive jurisdiction, it is conclusive between the parties, upon the same matters, unless set aside by a court of last resort. And such a judgment is final, not only as to the matter actually determined, but also as to every other matter which might have been litigated by the parties, as part of the subject in controversy, but which was omitted from the case through negligence, or inadvertence, or even accident."

In the case of *Everill* v. *Swan*, 20 Utah 56, 57 P. 716, 718, it is said:

"These additional matters, relied upon in the answer and which were stricken therefrom, could have been set up in the former action, and, not having been pleaded in that case, the judgment became conclusive, as an adjudication between the parties, not only as to matters actually determined, but also as to every other matter which might have been litigated by the parties as a part of the subject in controversy, but which was omitted from the case through negligence or inadvertence."

A re-examination of this cause convinces us that the opinion heretofore written herein should be, and accordingly is, adhered to.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.