## Buckley v. Noel et al.

June 8, 1943.

W. T. Smith for appellant.

Polk South, Jr., and Allen Prewitt for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The purpose of the suit is to test the title to a tract of land in Scott county which has been sold by appellees, S. M. Noel, Jr., and John Clay Noel, Jr., to appellant, John L. Buckley. Appellant has declined to accept the deed to the property upon the ground that the title is in John Clay Noel, III, an infant approximately 12 years of age.

Appellees claim title by reason of a deed from the infant's statutory guardian given in compromise of a

controversy concerning the validity of the will of John C. Noel, the father of the infant and grandfather of appellees. Mr. Noel had married twice. He had one son by the first marriage who predeceased him and who was the father of appellees. He had three children by his second wife, one of whom is John Clay Noel, III. At the time of his death Mr. Noel was 88 years of age. The will was made less than two years prior to his death. He virtually disinherited his grandchildren by willing to each of them $10. The remainder of his estate he left to his three minor children. Previous to his death he purchased the land in question causing the deed to be made directly to his infant son. He did likewise with other real estate causing it to be deeded to his other infant children. The grandchildren threatened to contest the will upon the ground of mental incapacity and to institute suit to set aside the deeds. Seeking to avoid this litigation, the statutory guardian, with permission of the court, compromised the controversy and deeded to appellees the land which constituted only a portion of the estate received by the infant son.

KRS 387.130 provides:

"A guardian shall discharge the liabilities of the ward for the debts of the ancestor out of the personal property, and when the personal property together with the rents of the real property is not sufficient therefor, he may, by petition to the circuit court of his county, obtain leave to sell land for that purpose. He shall also receive and sue for the debts and demands owing to the ward, defend actions against him, and with leave of the court, may compound a debt or demand, or settle or compromise any controversy concerning the lands of his ward when the interest of the ward will be subserved thereby."

It is under the authority of that section of the statute that the compromise was effected and the deed was executed and delivered. Had the grandchildren of Mr. Noel been successful in setting aside his will, and the record shows that such likely would have occurred, the lands in question would necessarily have been considered as advancements of Mr. Noel to his infant son. There was not sufficient personalty to divide the estate among the heirs in the event the will was broken. It then would have been necessary to sell or partition the real estate to ob-

tain an equitable division among the heirs. In order to avoid the expense of litigation and to preserve to the infant lands considered more valuable than the lands disposed of, the statutory guardian, with permission of the court, executed the deed. It seems to us from reading the whole record and considering the almost certain fact that the will would have been declared to be invalid if contest had been made, that the settlement subserved the best interests of the ward, and, under the section of the statute above quoted, the statutory guardian had the authority to and did transfer a fee-simple title to the property in dispute. Skidmore v. Cumberland Valley Land Co., 126 Ky. 576, 104 S. W. 390.

The judgment is affirmed.