Kenneth G. **LUXON** and William H. **Luxon**, unmarried infants under 14 years of age, Appellants,

v.

Ruth H. **LUXON** et al., Appellees.

Court of Appeals of Kentucky.

May 24, 1957.

George C. Robbins, Richmond, for appellants.

Shackleford & Burnam, Eugene S. Wiggins, Richmond, for appellees.

CLAY, Commissioner.

This appeal is prosecuted to test the validity of a compromise settlement approved by the court under the provisions of KRS 387.130, made by the statutory guardian of two infants.

W. E. Luxon, residing in Madison County, died intestate in 1955. He had been predeceased by his wife and a son, the father of the two infants involved. The estates of his wife and son had been intermingled with W. E. Luxon's property, and they had not been settled. It soon developed that the settlement of Mr. Luxon's estate involved a great number of complexities, and a controversy arose concerning the interests of the infant heirs in the properties belonging to the various estates. Almost endless litigation was in prospect.

Under the provisions of KRS 387.130 a guardian with leave of court may compound debts or demands, or settle or compromise controversies concerning the lands of his ward. Under this statute the guardian and other interested parties filed a detailed compromise settlement in the Madison Circuit Court, and this was approved.

It is contended on behalf of the infants that the petition filed did not state a cause of action because the statute did not contemplate the settlement of estates in this manner, and it is also contended that the Madison Circuit Court had no jurisdiction over lands located in other counties.

It seems clear to us that the statute is broad enough in scope to cover the compromise before us. Its purpose is to enable the guardian, subject to court approval, to protect the interests of his ward which might be dissipated through extensive and costly litigation. See Skidmore v. Cumberland Valley Land Co., 126 Ky. 576, 104 S.W. 390; Minor v. Cecil, 188 Ky. 157, 221 S.W. 223. The fact that the infants were heirs, rather than beneficiaries under a will, and would eventually receive something in any event does not limit the guardian's right to compromise. It may also be noted that this is not a compromise settlement of an estate, but is a compromise of the claims arising in the settlement of an estate.

The contention that the Madison County Court lacks jurisdiction to adjudicate controversies with respect to real estate situated in other counties is likewise without merit. This compromise proceeding is not an action within the scope of KRS 452.400, and its effect upon interests in lands in other counties is a necessary incident of the controversy properly presented to the Madison Circuit Court. See Buckley v. Noel, 294 Ky. 626, 172 S.W.2d 441. In addition, this judgment is in personam rather than in rem and the court has jurisdiction of all of the parties involved. It would present an impossible situation if several different circuit courts must approve or disapprove this single compromise settlement. It is evident that the Madison Circuit Court had complete jurisdiction of the parties and the subject matter.

No contention is made that the settlement is not for the best interest of the infants.

The judgment is affirmed.