Harvey WILLETT, a Person of unsound mind, by his Next Friend, Evelyn Settle, Appellant,

v.

George V. TRIPLETT, Committee for Harvey Willett et al., Appellees.

Court of Appeals of Kentucky.

March 29, 1968.

As Modified on Denial of Rehearing Oct. 4, 1968.

 

Thomas E. Sandidge, Sandidge & Sandidge, Owensboro, for appellant.

Grover C. Cox, Owensboro, Herbert Schultzman, Paducah, Philip B. Hayden, Nathan B. Cooper, Paul E. Bugay, Owensboro, for appellees.

DAVIS, Commissioner.

The issues before us arise in the same factual background referred to in Settle v. Triplett, Committee, Ky., 426 S.W.2d 423.

The appellant, Evelyn Settle, as next friend of Harvey Willett, a person of unsound mind, instituted proceedings seeking to have set aside a previous order of the Daviess Circuit Court authorizing the appellee, George V. Triplett, Committee for Harvey Willett, to enter a compromise agreement pertaining to a possible contest of the will of Joseph G. Settle, deceased. The trial court dismissed the complaint upon motions made by the present appellees without requiring any answer relating to the merit of the matters alleged in the complaint and amended complaints.

The background of this controversy, as gleaned from the record and the briefs submitted by the parties, is thus summarized: Joseph G. Settle died in 1964, and his purported holographic will was admitted to probate in the Daviess County Court. At the time of the institution of the present proceedings, no action undertaking a contest of that purported will had been filed. George V. Triplett was appointed as Committee for Harvey Willett by order of the Daviess County Court, pursuant to a judgment in an inquest proceeding had in the Daviess Circuit Court against Willett. The purported will of the decedent devised $1,000 to Harvey Willett, his nephew, "to be in trust to be used as may be most needed for his living and health." There was another special bequest of $1,000 in trust for Mrs. Frances Settle, a sister of the decedent, and a bequest of $500 in trust for W. A. Settle, another nephew of the testator. The will directed that testator's sister, Willie Settle, should "have a good living

out of my estate and * * * anything she may desire that is a necessity for her so long as she may live." The entire residue of the estate was left to be equally divided among three religious organizations. The appraised value of the estate was $186,000.

On May 3, 1965, appellee Triplett, as Committee for Harvey Willett, filed an ex parte proceeding in the Daviess Circuit Court alleging that an offer had been received by the committee from the personal representatives of the estate of Joseph G. Settle, by which the sum of $10,000 would be paid from that estate into the hands of the Committee for Harvey Willett in exchange for an agreement in behalf of Willett to forego any right to contest the will of Joseph G. Settle. Representations were made in the ex parte proceeding that the prospect of successful contest was poor and that the proposed compromise would redound to the best interests of Harvey Willett, the incompetent. It is made to appear that in the event of a successful contest Harvey Willett would receive one-half of the net estate of the decedent, or approximately $90,000 gross. Failing a successful contest and absent any compromise, the ward would receive only the $1,000 bequeathed to him in trust.

It appears that there was no process issued nor any recorded proof taken in the ex parte proceeding. Neither was a guardian ad litem appointed for the incompetent. On the same date that the ex parte proceeding was filed, an order was entered by the Daviess Circuit Court approving the compromise and authorizing the committee to implement it by accepting the $10,000 and executing a quitclaim deed. On that same date the committee sought and obtained, ex parte, an order of the Daviess County Court authorizing him to pay $5,000 to his attorney for services for obtaining the compromise payment of $10,000. The present action was filed May 20, 1965, asserting substantially the facts just recounted and alleging that an additional $4,000 of the $10,000 obtained in the compromise was to be paid to Western State

Hospital for past due payments for maintenance, support, and treatment of Harvey Willett. The complaint averred that the compromise settlement would be of no ultimate or personal benefit to Harvey Willett, that said settlement was unreasonable "if not unconscionable," that the order authorizing it was utterly void because of the failure to serve any summons, notice, or other process on the incompetent, for failure to appoint a guardian ad litem to defend him, and for lack of jurisdiction in the court over the person of the incompetent and the subject matter involved. The prayer of the complaint was that the ex parte proceeding "be vacated, set aside, and annulled as a void judgment, and that the release, assignment, and quitclaim deed approved and authorized to be executed in said judgment, * * * be cancelled and declared to be null and void * * *."

Numerous motions were filed by the named defendants, all of which motions looked toward the dismissal of the complaint for various procedural reasons. No answer was ever filed, but the court dismissed the complaint assigning as one reason the failure of Willett to tender a refund of the $10,000 which had been paid in the compromise settlement being attacked.

The appellant urges that the order approving the compromise is absolutely void and that the transaction was a sale of the ward's interest in real property. The appellants rely on Proctor v. Mitchell, 302 Ky. 179, 194 S.W.2d 177, and Ex parte Craig's Guardian, 298 Ky. 824, 184 S.W.2d 232. The appellees contend that the proceeding was in keeping with KRS 387.130 which provides in part that a guardian "with leave of the court, may compound a debt or demand, or settle or compromise any controversy concerning the lands of his ward when the interest of the ward will be subserved thereby." KRS 387.230 affords to a committee the same powers as a guardian. The appellees place reliance upon Skidmore v. Cumberland Valley Land Co., 126 Ky. 576, 104 S.W. 390, 31 Ky.Law Rep. 1002; Minor v. Cecil, 188 Ky. 157,

221 S.W. 223; Ex parte Allriut, 194 Ky. 312, 238 S.W. 752; Janin v. Logan, 209 Ky. 811, 273 S.W. 531; Houston's Guardian v. Luker's Former Guardian, 253 Ky. 602, 69 S.W.2d 1014; Buckley v. Noel, 294 Ky. 626, 172 S.W.2d 441; and Luxon v. Luxon, Ky., 302 S.W.2d 625.

■ Without undertaking a detailed analysis of the cases relied on by the appellees, it suffices to observe that in them this court has recognized the right of guardians to compromise controversies pertaining to the estate of the ward if the ward's interest was subserved and the compromise was approved by the court. None of the cases cited presents clear authority for the procedural requirements of obtaining the court's approval under KRS 387.-130. It is significant that certain claims of the ward may be effectively compromised without any order of the court. See Jarrett v. Louisville & N. R. Co., 201 Ky. 452, 257 S.W. 17, and Manion v. Ohio Valley Ry. Co., 99 Ky. 504, 36 S.W. 530, 18 Ky. Law Rep. 352. In the latter two cases a guardian's compromise of his ward's tort claim was held to be binding even though no leave of the court had preceded the compromise. It should be noted that the court pointed out that the compromise could be attacked by the ward (and presumably by someone in behalf of the ward) upon the grounds of bad faith or fraud. It seems to us that the same principle should govern as to compromises approved by the court under KRS 387.130. The complaint, as amended, did not charge fraud or bad faith in the making of the compromise agreement. The complaint did allege that the compromise had no ultimate beneficial effect for the ward, but the allegations in this respect may not rise to the point of being considered averments of fraud or bad faith.

■ The appellant contends that CR 17.03 makes it mandatory that a guardian ad litem be appointed for an incompetent if the committee of the incompetent is the plaintiff in the suit. The difficulty with this position is that the ex parte proceeding seeking leave of the court to effect the compromise was not an "action" within the meaning of CR 17.03. It was not an adversary proceeding; hence, the usual rules applicable to adversary proceedings are not applicable here. Since there was no sale of real estate or any interest therein and no title to real estate was affected by the ex parte order, we do not reach the question of whether interest in a ward's real estate, as such, could be affected by compromise under KRS 387.130 without compliance with KRS 389.010.

■ The trial court gave as a basis for dismissing the complaint the plaintiff's failure to tender refund of the $10,000. This was error since the incompetent had never received any sum, but the dismissal of the complaint for failure to state a cause of action was appropriate, so that the error in assigning failure to tender the refund as a basis for the judgment is of no consequence. 2A Ky.Digest, Appeal and Error, ■

The judgment is affirmed.

All concur.